THE LAW OFFICES OF RICHARD MALAGIERE
A Professional Corporation
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Richard Malagiere
Leonard E. Seaman
Attorneys for Plaintiff, Jorge E. Gomez

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE E. GOMEZ<br><br>       Plaintiff,<br><br>v.<br><br>TOWN OF WEST NEW YORK, NEW JERSEY; ALBIO SIRES (individually and in his official capacity as Mayor of the Town of West New York, New Jersey); LUIS BAEZ (individually and in his official capacity as Municipal Administrator for the Town of West New York, New Jersey); MARIELKA DIAZ (individually and in her official capacities as Commissioner and Director of Public Affairs of the Town of West New York, New Jersey); and, KELLY SCHWEITZER (individually and in her official capacity as Director of Human Resources of the Town of West New York, New Jersey),<br><br>       Defendants. | Civil Action No.<br><br>**COMPLAINT** |

      Plaintiff, Jorge E. Gomez, as and for his complaint against defendants, the Town of West New York, New Jersey; Albio Sires (individually and in his official

capacity as Mayor of the Town of West New York, New Jersey); Luis Baez (individually and in his official capacity as Municipal Administrator for the Town of West New York, New Jersey); Marielka Diaz (individually and in her official capacities as Commissioner and Director of Public Affairs of the Town of West New York, New Jersey) and, Kelly Schweitzer (individually and in her official capacity as Director of Human Resources of the Town of West New York, New Jersey) alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Jorge E. Gomez, is an individual residing within the State of New Jersey. Mr. Gomez was, at all times relevant hereto, the Recreation Director to the Town of West New York, New Jersey and/or Clerk 1 within the Department of Public Affairs for the Town of West New York, New Jersey. Mr. Gomez resides at 200-59th Street, Apartment 1R, West New York, New Jersey 07093.

2. Defendant, the Town of West New York, New Jersey ("West New York" or the "Town") a body corporate and politic within the State of New Jersey with its principal place of business at 428 60th St, West New York, NJ 07093. The Town is organized under the State of New Jersey's commission form of municipal government, *N.J.S.A.* 40:70-1 to :76-27 (the "Walsh Act").

3. Defendant, Albio Sires ("Mayor Sires"), currently serves as the Mayor of the Town. Mayor Sires is sued both individually and in his official capacity.

Mayor Sires is a resident of the Town and acts or otherwise does business at 428 60th St, West New York, NJ 07093.

4. Defendant, Luis Baez ("Baez"), currently serves as the Municipal Administrator of the Town. Baez is sued both individually and in his official capacity. Baez acts or otherwise does business at 428 60th St, West New York, NJ 07093.

5. Defendant, Marielka Diaz ("Diaz") currently serves as a Commissioner and as Director of Public Affairs of the Town of West New York, New Jersey. Diaz is sued both individually and in her official capacities. Diaz acts or otherwise does business at 428 60th St, West New York, NJ 07093.

6. Defendant, Kelly Schweitzer ("Schweitzer"), currently serves as the Director of Human Resources of the Town. Schweitzer is sued both individually and in her official capacity. Schweitzer acts or otherwise does business at 428 60th St, West New York, NJ 07093.

7. Baez, Diaz, and Schweitzer were and are political supporters of Mayor Sires.

8. This Court has jurisdiction over this matter pursuant to 28 *U.S.C.* § 1331 over all claims alleged in Count One and Count Two as they arise under the Constitution and laws of the United States including 42 *U.S.C.* §§ 1983.

9. This Court has supplemental jurisdiction over this matter pursuant to 28 *U.S.C.* § 1367 over all other claims as they are so related to the claims within original jurisdiction that they form the same case or controversy under Article III of the Constitution.

10. Venue is appropriate pursuant to 28 *U.S.C.* § 1391(b)(1) and (2) as all defendants reside in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL COUNTS

11. Mr. Gomez began his employment as Recreation Director for the Town on or about June 15, 2015. Mr. Gomez's job duties did not entail any policymaking responsibilities for the Town and did not require him to be afforded access to any confidential Town information.

12. During his employment by the Town, plaintiff was a hard-working, loyal, and dedicated public servant in West New York. Mr. Gomez devoted himself to the Town and the well-being of all residents. In that regard, he always performed his job duties well and went to great lengths to create additional recreational opportunities within West New York as well as to expand upon and improve existing programs. While his significant accomplishments are too numerous to list, under Mr. Gomez's direction, the West New York Recreation Department significantly expanded the Summer Food Program, expanded the chess program, added additional

recreational opportunities such as a flag football program, yoga, Zumba, summer basketball clinics, and the Babe Ruth Baseball Summer Clinics, oversaw the growth of programs, enhanced summer job opportunities for Town residents, and safely reintegrated recreational programs during the Pandemic.

13. Despite his unequivocal contributions and resulting successes, Mr. Gomez was terminated within days of the May 2023 West New York election and hours of the Town Commission's reorganization meeting. He was replaced by a known supporter of Mayor Sires who not only has no experience running a recreation department but also has less seniority than Mr. Gomez.

14. Mr. Gomez is the nephew of former West New York Mayor Silverio A. Vega with whom Mayor Sires had a falling out over control of the Town in or around 2007 after Mr. Sires was elected to the United States House of Representatives and Mr. Vega became the mayor. By 2015, Mr. Gomez, who had served as a Deputy Coordinator for the Hudson County Office of Emergency Management, was hired and served as the West New York Recreation Director during the administration of then-Mayor Felix E. Roque. In that capacity, Mr. Gomez reported directly to Commissioner Cosmo Cirillo, who served as the Commissioner of Public Affairs.

15. In late 2021, Mr. Sires made clear that he did not intend to run for re-election for his Congressional seat providing an opening for Rob Menendez, the son of former Democratic political heavyweight Senator Bob Menendez, to run for that

open seat. In 2022, Mr. Sires also made clear his intention to run for a seat on the Board of Commissioners in West New York and become mayor once again.

16. Later that year, Mr. Cirillo and Mr. Sires had a falling out. Because of their falling out, then-incumbent Commissioner Cirillo, who was Mr. Gomez's Director, was pitted in a political battle against Mr. Sires and ran a slate of his own candidates against those of Mr. Sires. Given their lengthy and successful working relationship, Mr. Gomez became actively involved in and supported Mr. Cirillo's campaign in late 2022.

17. Mr. Gomez's involvement with and support of Mr. Cirillo's campaign included, but was not limited to signing petitions, circulation of petitions, door knocking, literature distribution, fundraising, donating to the campaign, display of campaign signs at his home, delivering signs to other homes, accompanying candidates to events, event coordination, field strategy, assistance with campaign messaging, marketing and outreach.

18. All of Mr. Gomez's involvement with and support of Mr. Cirillo's campaign occurred outside of his working hours and took place outside the Town's facilities.

19. Nevertheless, Mr. Gomez's involvement with and support of Mr. Cirillo's campaign was well known by all defendants.

20. On or about February 14, 2023 Commissioner Cirillo as the Appointing Authority for the West New York Department of Public Affairs, sent an e-mail to Schweitzer ordering that Mr. Gomez's title be changed from Recreation Director to Clerk 1, a classified title under the New Jersey Civil Service Act, N.J.S.A. 11A:1-1 to :12-6, effective immediately.

21. On or about February 21, 2023 Schweitzer confirmed receipt of that e-mail and asked Mr. Gomez to sign an acknowledgement form recognizing the voluntary change in title.

22. On or about February 2023 Mr. Gomez emailed his acknowledgment of change of title to Schweitzer.

23. On or about April 6, 2023 Mr. Gomez emailed Schweitzer to memorialize that he had hand delivered a signed hardcopy of his acknowledgment and that Patty Silva, a clerk in the Recreation Office, had given her the Long Form Title Change document signed by Commissioner Cirillo.

24. Schweitzer and/or Baez were the only individuals in the Town with authority to perform the administrative processing of the title change in the County and Municipal Personnel System ("CAMPS"), a web-based system operated and maintained by the New Jesey Civil Service Commission that houses the employment information of local government employees.

25. Schweitzer and/or Baez, in a flagrant and unauthorized disregard of the express directions of Commissioner Cirillo, failed to process the change of Mr. Gomez's title in CAMPS.

26. The 2023 municipal election for the Town included an early voting period from May 5, 2023 to May 7, 2023 and election day on May 9, 2023. At the conclusion of the voting on May 9, 2023, Mayor Sires and his entire slate of candidates were declared the winners of that election.

27. The Town commission held its reorganization meeting on May 16, 2023 commencing at or about 12:10 pm. Mayor Sires and his slate of commissioners assumed their offices on the Board of Commissioners at that time, and the Board of Commissioners adopted Resolution R23-123 designating Mayor Sires as the mayor of the Town. The reorganization meeting was concluded and adjourned at or about 12:34 pm on May 9, 2025.

28. At or about 3:30 pm on May 16, 2023, Schweitzer came to plaintiff's office and handed him a termination letter signed by Baez.

29. Mayor Sires, Baez, Schweitzer conspired with one another and acted in concert with each other in the scheme to terminate plaintiff's employment in retaliation for his political activities, speech, expression, and association with and in support of the political campaign of Commissioner Cirillo and to deny him

protections available to civil servants under the Civil Service Act by failing to process and/or acknowledge his change of title to a classified position.

**FIRST COUNT**
**RETALIATION UNDER COLOR OF STATE LAW ON ACCOUNT OF CONSTITUTIONALLY PROTECTED SPEECH OR EXPRESSION**
**(Mayor Sires, Baez, Diaz, and Schweitzer)**
**(42 U.S.C. § 1983)**

30. Plaintiff repeats and realleges every allegation set forth above as if set forth in this count.

31. 42 U.S.C. § 1983 provides, among other things, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."

32. Plaintiff's actions in and in support of Mr. Cirillo's campaign, were speech, or expression, and/or association on a matter of public concern.

33. Plaintiff's actions in and in support of Mr. Cirillo's campaign were not in any way related to his job responsibilities as Recreation Director.

34. Plaintiff's speech interest on this matter of public concern outweighs the government's interest in effective government operations.

35. Plaintiff suffered an adverse employment action through the actions of defendants.

36. Plaintiff's speech, expression, and/or association was a substantial motivating factor in the adverse employment action.

37. Defendants' actions were taken to retaliate against plaintiff for his expression of opinions as a private citizen. The retaliatory acts by defendants were proximately caused by plaintiff's constitutionally protected acts.

38. The retaliatory actions of defendants were sufficient to deter a person of ordinary firmness from exercising their constitutional rights.

39. Defendants' actions caused or subjected plaintiff to a deprivation of his rights, privileges, or immunities secured by the Constitution including, but not limited to, his right to speak or express his political views and opinions, and/or associate with others based on those political views.

40. Defendants' actions were taken under color of a statute, ordinance, regulation, custom, or usage, of the State of New Jersey and/or the Town of West New York.

41. To the extent that they are sued in their official capacities, Mayor Sires, Baez, Diaz, and Schweitzer are not entitled to legislative immunity because those claims are in all respects other than name, to be treated as a suit against the entity. The Town, as a governmental entity is not entitled to any immunity whatsoever.

42. To the extent that they are sued in their individual capacities, legislative immunity does not apply to Mayor Sires, Baez, Diaz, and Schweitzer because their acts were not substantively legislative. An act is substantively legislative where it involves "policy-making of a general purpose" or "line-drawing." Employment actions taken with respect to specific employees do not constitute substantively legislative conduct. Likewise, an official's executive or administrative actions are separable from actions taken in a legislative capacity.

43. As a direct and proximate result of defendants' unreasonable and unlawful actions, plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

44. Plaintiff has been damaged thereby.

**WHEREFORE**, plaintiff demands judgment against defendants Albio Sires, Luis Baez, Marielka Diaz, and Kelly Schweitzer, for:

    a) Compensatory damages;

    b) Nominal damages;

    c) Punitive damages;

    d) Interest;

    e) Costs of suit;

f) Attorneys' fees; and

g) Such other relief as the Court deems equitable and just.

**SECOND COUNT**
**GOVERNMENTAL POLICY OR PROCEDURE TO VIOLATE CIVIL RIGHTS -** *MONELL v. DEPARTMENT OF SOCIAL SERVICES*, **436 U.S. 658 (1978)**
**(Town of West New York)**

45. Plaintiff repeats and realleges every allegation set forth above as if set forth in this count.

46. Plaintiff's termination was an act of the municipality constituting official policy of the government itself.

47. Municipal liability can attach under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for even a single decision made by a final policymaker regardless of whether or not the action is taken once or repeatedly.

48. Plaintiff's termination was intended by Mayor Sires, Baez, and Schweitzer to retaliate against plaintiff for his exercise of his rights of speech and association under the First Amendment.

49. As a direct and proximate result of defendants' unreasonable and unlawful actions, plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, loss of income, loss of retirement, medical and other benefits, medical bills, severe

emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

50. Pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), the Town is liable for the harms and losses sustained by plaintiff.

**WHEREFORE**, plaintiff demands judgment against defendant the Town of West New York, for:

a) Compensatory damages;

b) Nominal damages;

c) Punitive damages;

d) Interest;

e) Costs of suit;

f) Attorneys' fees; and

g) Such other relief as the Court deems equitable and just.

### THIRD COUNT
### COMMON LAW CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (Mayor Sires, Baez, Diaz, and Schweitzer)

51. Plaintiff repeats and realleges every allegation set forth above as if set forth in this count.

52. Mayor Sires, Baez, and Schweitzer, and others conspired for the purpose of committing acts in violation of 42 U.S.C. § 1983 to damage plaintiff.

53. Upon information and belief, Mayor Sires, Baez, Diaz, and Schweitzer, and others discussed at meetings in person and/or through electronic communications including telephone calls, emails, and text messages their plan and agreement to terminate plaintiff in retaliation for his exercise of his constitutionally protected rights of speech, expression, and/or association on matters of public concern and agreed to act together and in concert with each other to accomplish their goals.

54. Mayor Sires, Baez, Diaz, and Schweitzer did or caused to be done acts in furtherance of the object of their conspiracy, including, but not limited to, failing to process his change of title and/or directing the failure to process his change of title, preparing, delivering, and/or directing the preparation and delivery of the May 16, 2023 termination letter to fire plaintiff as Recreation Director for the purpose of violating plaintiff's civil rights.

55. The acts of Mayor Sires, Baez, Diaz and Schweitzer had an unlawful purpose, including, but not limited to damaging plaintiff for his exercise of constitutionally protected rights of speech, expression, and association.

56. As a direct and proximate result of defendants' unreasonable and unlawful actions, plaintiff has suffered and continues to suffer substantial past and

future damages, both compensatory and general, including, but not limited to, loss of income, loss of retirement, medical and other benefits, medical bills, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

57. Plaintiff was damaged thereby.

**WHEREFORE**, plaintiff demands judgment against Albio Sires, Luis Baez, Marielka Diaz, and Kelly Schweitzer, for:

a) Compensatory damages;

b) Punitive damages;

c) Interest;

d) Costs of suit;

e) Attorneys' fees; and

f) Such other relief as the Court deems equitable and just.

## FOURTH COUNT
**RETALIATION UNDER COLOR OF STATE LAW ON ACCOUNT OF CONSTITUTIONALLY PROTECTED SPEECH OR EXPRESSION**
(Town of West New York, Mayor Sires, Baez, Diaz, and Schweitzer)
*N.J.S.A.* 10:6-1 to -2

58. Plaintiff repeats and realleges every allegation set forth above as if set forth in this count.

59. The New Jersey Civil Rights Act, *N.J.S.A.* 10:6-1 to -2 provides that:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or

15

> immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.
>
> [*N.J.S.A.* 10:6-2(c)]

60. Defendants, through their acts and omissions described above, deprived plaintiff of privileges or immunities secured by the Constitution or laws of the United States, and privileges or immunities secured by the Constitution or laws of this State.

61. Defendants engaged in the acts and omissions aforesaid under color of law.

62. As a direct and proximate result of defendants' unreasonable and unlawful actions, plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

63. Plaintiff has been damaged thereby.

**WHEREFORE**, plaintiff demands judgment against defendants Town of West New York, Albio Sires, Luis Baez, Marielka Diaz, and Kelly Schweitzer, for:

h) Compensatory damages;

i) Nominal damages;

j) Punitive damages;

k) Interest;

l) Costs of suit;

m) Attorneys' fees; and

n) Such other relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

      /s/ Richard Malagiere
RICHARD MALAGIERE
LEONARD E. SEAMAN
THE LAW OFFICES OF RICHARD MALAGIERE
A Professional Corporation
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
Tel. (201) 440-0675
rm@malagierelaw.com
les@malagierelaw.com

DATED: April 2, 2025