

Christopher J. Buggy | Partner
(201) 373-8940
cbuggy@taylorlawgroupllc.com

September 5, 2025

**Via ECF**
Honorable Julien Xavier Neals, U.S.D.J.
United States District Court, District of New Jersey
MLK Jr. Federal Bldg. & US Courthouse
50 Walnut Street
Newark, New Jersey 07102

      **RE:    Gomez v. Town of West New York, et al.**
             **Case No. 2:25-cv-02242 (JXN) (CLW)**

Dear Judge Neals:

      This firm represents Defendants Town of West New York, New Jersey ("WNY"), Albio Sires ("Mayor Sires"), Luis Baez ("Administrator Baez"), Marielka Diaz ("Commissioner Diaz") and Kelly Schweitzer ("Ms. Schweitzer") (collectively, the "WNY Defendants") in the above-referenced matter. In accordance with Your Honor's judicial preferences, please accept this letter requesting a premotion conference or permission to file a motion to dismiss Plaintiff Jorge E. Gomez's ("Plaintiff") complaint (ECF No. 1).

      Plaintiff filed a four-count complaint alleging: retaliation for constitutionally protected speech or expression under 42 U.S.C. § 1983 against Mayor Sires, Commissioner Diaz, Administrator Baez and Ms. Schweitzer (First Count); a claim for liability against WNY under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (Second Count); common law civil conspiracy to violate civil rights against Mayor Sires, Commissioner Diaz, Administrator Baez and Ms. Schweitzer (Third Count); and retaliation for constitutionally protected speech or expression under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2 ("NJCRA") against Mayor Sires, Commissioner Diaz, Administrator Baez and Ms. Schweitzer.

      Claims under 42 U.S.C. § 1983 and the NJCRA are "interpreted analogously". Cherry v. Borough of Tuckerton, 2016 WL 6080813, at *4 (D.N.J. Oct. 17, 2016) (citing Pettit v. New Jersey, 2011 WL 1325614, at *3 (D.N.J. Mar. 30, 2011). Thus, the First and Fourth Counts should be analyzed together.

      First, other than generalized, broad conspiracy allegations that lump together multiple defendants, Plaintiff's complaint contains no specific allegations as to Mayor Sires or

Hon. Julien Xavier Neals, U.S.D.J.
September 5, 2025
Page 2

Commissioner Diaz that could possibly give rise to any liability. The only allegations regarding Mayor Sires relate to his desire to run for office, that he won his election, and that he assumed office after the election. See ECF No. 1, at ¶¶ 15, 16, 26 and 27. The allegations related to Commissioner Diaz are even more sparse she is not alleged by Plaintiff to have done anything, other than run on the same ticket as Mayor Sires. See generally, ECF No. 1. This simply does not satisfy Fed. R. Civ. P. 8(a)'s pleading standard. For these reasons, Plaintiff's claims against Mayor Sires and Commissioner Diaz should be dismissed.

Consideration of Plaintiff's 42 U.S.C. § 1983 and NJCRA claims against all of the WNY Defendants, reveals additional deficiencies. To state a First Amendment retaliation claim, a plaintiff must allege that "(1) his [activity] is protected by the First Amendment and (2) the [activity] was a substantial or motivating factor in the alleged retaliatory action, which, if both are proved, shifts the burden to the employer to prove that (3) the same action would have been taken even if the [activity] had not occurred." Falco v. Zimmer, 767 F. App'x 288, 299 (3d Cir. 2019) (quoting Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 466 (3d Cir. 2015)) (alterations in original). A statement is protected when "(1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general public' as a result of the statement he made." Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006).

Once a plaintiff establishes he engaged in activity protected by the First Amendment, he must then establish his protected activity was a substantial or motivating factor in the alleged retaliation by plausibly demonstrating a causal link between the adverse employment action and the protected speech. See Thomas v. Town of Hammonton, 351 F.3d 108, 114 (3d Cir. 2003). Thus, a plaintiff must plausibly allege that (1) defendants were aware of plaintiff's protected speech; (2) the alleged retaliatory action was not de minimis, but sufficient to deter a person of ordinary firmness from exercising his First Amendment rights; and (3) a sufficient causal link exists between plaintiff's protected speech and the alleged retaliatory action. McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006); Ambrose v. Twp. of Robinson, PA, 303 F.3d 488, 493 (3d Cir. 2002). Here, Plaintiff has plausibly alleged a claim of retaliation under 42 U.S.C. § 1983 or the NJCRA.

Moreover, Plaintiff's claims against Mayor Sires, Commissioner Diaz, Administrator Baez and Ms. Schweitzer are barred by the doctrine of qualified immunity. Qualified immunity "protects government officials from personal liability for discretionary actions taken in the course of their public responsibilities, 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Brown v. State, 230 N.J. 84, 97-98 (2017) (quoting Morillo v. Torres, 222 N.J. 104, 116 (2015)); Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal quotations and citations omitted). Plaintiff's blanket conclusions that these individuals do not enjoy the protection of any immunities provided by law are insufficient to satisfy his burden at the pleading stage. See Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). (noting unsupported conclusions or assertions and mere recitation of the elements of a cause of action are insufficient to survive dismissal). Consequently, the First and Fourth Counts of the Complaint should be dismissed.

Hon. Julien Xavier Neals, U.S.D.J.
September 5, 2025
Page 3

**The Complaint Fails To State A Claim For <u>Monell</u> Liability Against WNY**

      Plaintiff's Complaint (Second Count) fails to state a claim for liability against WNY under <u>Monell</u>, 436 U.S. at 694. A municipality is only liable under § 1983 where "the municipality itself causes the constitutional violation at issue." <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989). Further, a plaintiff must allege that the constitutional injury was caused by a municipal "policy" or "custom". <u>See</u> <u>Monell</u>, 436 U.S. at 694. A "policy" is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict." <u>Mulholland v. Gov't City of Berks, PA</u>, 706 F.3d 227, 237 (3d Cir. 2013) (internal quotations and citations omitted). A "custom" is when although not authorized by law, such practices of [municipal] officials [are] so permanent and well-settled as to virtually constitute law." <u>Id.</u> (internal quotations and citations omitted). Plaintiff does not plausibly allege either a policy or a custom, but instead relies on unsupported legal conclusions to buttress his claim. That is insufficient to satisfy his burden and the Second Count should be dismissed.

**Plaintiff's Common Law Civil Conspiracy Claim is Meritless**

      Finally, Plaintiff's claim for civil conspiracy (Third Count) is meritless. Plaintiff's claims under 42 U.S.C. § 1983 and the NJCRA are already asserted against each of the individual defendants – a separate claim for common law civil conspiracy adds nothing to this case. Additionally, under New Jersey law, civil conspiracy is not an independent claim, but a liability expanding mechanism. <u>See</u> <u>Brown ex rel. Brown v. Philip Morris, Inc.</u>, 228 F. Supp. 2d 506 n. 10 (D.N.J. 2002) (citing <u>Eli Lilly & Co. v. Roussel Corp.</u>, 23 F. Supp. 2d 460, 497 (D.N.J. 1998); <u>Farris v. Cnty. of Camden</u>, 61 F. Supp. 2d 307, 326 (D.N.J. 1999) (citing <u>Eli Lilly</u>, 23 F. Supp. 2d at 497). Moreover, common law civil conspiracy claims are subject to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, <u>et</u> <u>seq.</u> ("NJTCA"); <u>County Concrete Corp. v. Town of Roxbury</u>, 442 F.3d 159, 175 (3d Cir. 2006); <u>Cherry</u>, 2016 WL 6080813, at *6 (collecting cases). Plaintiff has not alleged (nor can he allege) that he timely submitted a notice of tort claim required by the NJTCA. Thus, the Third Count of the Complaint should be dismissed.

      The WNY Defendants appreciate the opportunity to conference this matter with Your Honor or for permission to move forward with filing their motion to dismiss. Thank you for Your Honor's attention to and consideration of this matter.

                                Respectfully submitted,

                                **TAYLOR LAW GROUP, LLC**

                                <u>/s/ Christopher J. Buggy</u>
                                   Christopher J. Buggy

CJB:
cc:    All counsel of record via ECF