UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE E. GOMEZ<br><br>        Plaintiff,<br><br>v.<br><br>TOWN OF WEST NEW YORK, NEW JERSEY; ALBIO SIRES (individually and in his official capacity as Mayor of the Town of West New York, New Jersey); LUIS BAEZ (individually and in his official capacity as Municipal Administrator for the Town of West New York, New Jersey); MARIELKA DIAZ (individually and in her official capacities as Commissioner and Director of Public Affairs of the Town of West New York, New Jersey); and, KELLY SCHWEITZER (individually and in her official capacity as Director of Human Resources of the Town of West New York, New Jersey),<br><br>        Defendants. | Civil Action No. :25-cv-02242 |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

THE LAW OFFICES OF RICHARD MALAGIERE
A Professional Corporation
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Richard Malagiere
Leonard E. Seaman
Attorneys for Plaintiff, Jorge E. Gomez

## **<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES ....................................................................................II

STATEMENT OF FACTS ......................................................................................1

LEGAL ARGUMENT .............................................................................................3

     I.      STANDARDS FOR A MOTION TO DISMISS UNDER *Fed. R. Civ. P.* 12(b)(6) ............................................................................3

     II.     THE COMPLAINT PROPERLY PLEADS A CLAIM FOR FIRST AMENDMENT RETALIATION IN VIOLATION OF 42 U.S.C. § 1983 (FIRST COUNT) AND THE NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-1 TO -2 (FOURTH COUNT)..............................6

     III.    DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY ......................................................................10

     IV.    THE COMPLAINT PROPERLY ASSERTS A CLAIM AGAINST THE TOWN OF WEST NEW YORK................................13

     V.     PLAINTIFF HAS PROPERLY ALLEGED A CIVIL CONSPIRACY......................................................................14

CONCLUSION .....................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Allah v. Seiverling*,
    229 F.3d 220 (3d Cir. 2000) ........................................................................7

*Anderson v. Creighton*,
    483 U.S. 635 (1987)..................................................................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).......................................................................... 3, 4, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................... 3, 4, 5

*Bennis v. Gable*,
    823 F.2d 723 (3d Cir. 1987) .......................................................................12

*Brown v. Trench*,
    787 F.2d 167 (3d Cir. 1986) ....................................................................9, 11

*Burgess El v. Sanders*,
    No. 5:22-cv-04367-JMG, 2023 U.S. Dist. LEXIS 192126 (E.D. Pa. Oct. 26,
    2023) ......................................................................................................14

*Conard v. Pennsylvania State Police*,
    902 F.3d 178 (3d Cir. 2018) ........................................................................7

*Conley v. Gibson*,
    355 U.S. 41 (1957)...................................................................................3, 5

*Connick v. Myers*,
    461 U.S. 138 (1983)..................................................................................6

*Curinga v. City of Clairton*,
    357 F.3d 305 (3d Cir. 2004) ......................................................................6

*Dougherty v. Sch. Dist of Philadelphia*,
    772 F.3d 979 (3d Cir. 2014) ..........................................................................12

*Fenico v. City of Philadelphia*,
    2024 U.S. Dist. LEXIS 195138, 2024 WL 4591798,
    (E.D. Pa. Oct. 28, 2024) ...................................................................................6

*Gale v. Storti*,
    608 F.Supp.2d 629 (E.D.Pa.2009).................................................................14

*Galli v. N.J. Meadowlands Comm'n*,
    490 F.3d 265 (3d Cir. 2007) ............................................................................9

*Gonzalez v. Auto Mall 46, Inc.*,
    2012 N.J. Super. Unpub. LEXIS 1560, 2012 WL 2505733
    (N.J. Super. Ct. App. Div. July 2, 2012) ......................................................10

*Green v. Philadelphia Hous. Auth.*,
    105 F.3d 882 (3d Cir. 1997) ............................................................................6

*Griffin-El v. Beard*,
    411 F. App'x 517 (3d Cir. 2011) ...................................................................11

*Hankin Fam. P'ship v. Upper Merion Twp.*,
    No. 01-CV-1622, 2012 U.S. Dist. LEXIS 1467, 2012 WL 43599
    (E.D. Pa. Jan. 6, 2012) ..................................................................................14

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982).................................................................................. 10, 11

*Ingram v. Twp. of Deptford*,
    911 F. Supp. 2d 289 (D.N.J. 2012)................................................................10

*Janowski v. City of North Wildwood*,
    259 F. Supp. 3d 113 (D.N.J. 2017)................................................................11

*Lauren W. ex rel. Jean W. v. DeFlaminis*,
    480 F.3d 259 (3d Cir. 2007) ........................................................................7

*Mann v. Palmerton Area Sch. Dist.*,
    872 F.3d at 175 (3d Cir. 2017) ..................................................................13

*McTernan v. City of York*,
    564 F.3d 636 (3d Cir. 2009) ......................................................................13

*Mitros v. Cooke*,
    170 F. Supp. 2d 504 (E.D. Pa. 2001)..........................................................11

*Monell v. Dep't of Soc. Services*,
    436 U.S. 658 (1978)....................................................................................13

*Mrazek v. Stafford Twp.*,
    No. CV 13-1091(FLW), 2017 U.S. Dist. LEXIS 68893, 2017 WL
    17886559 (D.N.J. May 5, 2017), aff'd, 744 F. App'x 69 (3d Cir. 2018).......13

*Palardy v. Twp. of Millburn*,
    906 F.3d 76 (3d Cir. 2018) ..........................................................................6

*Phillips v. Cnty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) .....................................................................3, 4

*Pickering v. Bd. of Educ.*,
    391 U.S. 563 (1968)......................................................................................6

*Rauser v. Horn*,
    241 F.3d 330 (3d Cir. 2001) ....................................................................6, 7

*Reedy v. Evanson*,
    615 F.3d 197 (3d Cir. 2010) ......................................................................11

*Rezem Family Assocs., LP v. Borough of Millstone*,
    423 N.J. Super. 103 (N.J. Super. Ct. App. Div. 2011),
    certif. denied, 208 N.J. 366, 29 A.3d 739 (2011)........................................10

iv

*Rink v. Ne. Educ. Intermediate Unit 19*,
717 F. App'x 126 (3d Cir. 2017)......................................................................7

*Rosembert v. Borough of E. Lansdowne*,
14 F. Supp.3d 631 (E.D. Pa. 2014)...............................................................14

*Schuchardt v. President of the United States*,
839 F.3d 336 (3d Cir. 2016) ......................................................................4, 5

*Taylor v. Rosa*,
856 F. App'x 376 (3d Cir. 2021) ..................................................................11

*Thomas v. Independence Twp.*,
463 F.3d 285 (3d Cir. 2006) .........................................................................11

*Trafton v. City of Woodbury*,
799 F. Supp. 2d 417 (D.N.J. 2011)...............................................................10

*Watson v. Rozum*,
834 F.3d 417 (3d Cir. 2016) ......................................................................6, 7

*Zamboni v. Stamler*, 847 F.2d 73 (3d Cir. 1988) ...........................................12

**Statutes**

42 *U.S.C. § 1983* ........................................................................................5, 10

*N.J.S.A.* 59:1-1 to :12-3 ...............................................................................15

## STATEMENT OF FACTS

On May 16, 2023, after an eight-year career in the Town of West New York, New Jersey, plaintiff, Jorge E. Gomez, was fired from his position as recreation director (Compl. ¶¶ 11, 28). Defendants fired Mr. Gomez less than four hours after Mayor Sires and his slate of candidates assumed political control of West New York (Compl. ¶¶ 27,28). Mr. Gomez was replaced by one of Mayor Sires' political cronies who had no experience running a municipal recreation program and less seniority than Mr. Gomez (Compl. ¶ 13).

In the months leading up to that election, Mr. Gomez was an active member of the campaign team for the candidates who opposed defendants led by then West New York Commissioner, Cosmo Cirillo (Compl. 16). Mr. Gomez's political activity for Commissioner Cirillo's campaign included signing petitions, circulating petitions, door knocking (i.e. canvassing neighborhoods and encouraging voters to support the Cirillo slate instead Sires and his running mates) , distributing campaign literature, fundraising and making donations to the Cirillo campaign, displaying campaign signs at his home, delivering signs to other homes, accompanying candidates to events, coordinating campaign events, formulating and implanting field strategy, assisting with campaign messaging, marketing and outreach (Compl. ¶ 17) in the one-mile square, Hudson County municipality (https://www2.census.gov/geo/docs/maps-data/data/gazetteer/ 2019_Gazetteer/

2019_gaz_cousubs_34.txt) with a reputation for "hijinks often associated with [its political] races. Heinis, J. (2023, May 14). *Election Day 2023: The biggest winners and losers in North Bergen & West New York.* Hudson County View. https://hudsoncountyview.com/election-day-2023-the-biggest-winners-and-losers-in-north-bergen-west-new-york/.

Yet, firing plaintiff was not defendants' first attempt to punish plaintiff for his political speech and association. In February 2023, defendants Kelly Schweitzer and Luis Baez simply ignored the lawful direction of Commissioner Cerillo to transfer Mr. Gomez to a position protected under the state's civil service laws and failed to process the paperwork needed to move him to that job classification (Compl. 20-25).

Plaintiff's complaint plausibly pleads claims against the individual defendants for their retaliation under color of state law for Mr. Gomez's constitutional protected speech, expression and association under 42 U.C.S. § 1983 (First Count) and the New Jersey Civil Rights Act (Fourth Count), against the Town for its policy or procedure to violate Mr. Gomez's civil rights (Second Count), and for the individual defendants' common law conspiracy to violate Mr. Gomez's civil rights (Third Count). As a result, defendants' motion to dismiss should be denied.

## <u>LEGAL ARGUMENT</u>

### I.    STANDARDS FOR A MOTION TO DISMISS UNDER *Fed. R. Civ. P.* **12(b)(6)**

The Supreme Court has held that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'"[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint need not include "detailed factual allegations," and all well-pleaded allegations are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*, 550 U.S. at 555)). A complaint containing well-pleaded facts from which a plausible claim for relief can be inferred is not subject to dismissal on a motion under *Fed. R. Civ, P.* 12(b)(6). *Id.* at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570)). *Fed. R. Civ. P.* 8(a) does not impose a "probability requirement" on the plaintiff but merely requires that the complaint plead more than "a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

---

[1] "[T]he Supreme Court's emphasis on Rule 8's requirement of a 'showing' is new," but does not impose any additional requirements beyond that the pleading contain a "a short and plain statement of the claim and its grounds." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 555 n.3).

The Third Circuit has cautioned that the plausibility standard set forth in *Twombly* and *Iqbal* "does not impose a heightened pleading requirement, and that *Fed. R. Civ.P.* 8(a) continues to require only a 'showing' that the pleader is entitled to relief." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (citing *Phillips*, 515 F.3d at 233-34). Indeed, the *Twombly* Court expressly disavowed a heightened standard that would require the pleading of specific facts showing an entitlement to relief. *Twombly*, 550 U.S. at 569-70. "Implicit in the notion that a plaintiff need not plead 'specific facts' to survive a motion to dismiss is that courts cannot inject evidentiary issues into the plausibility determination." *Schuchardt*, 839 F.3d at 347 (citing *Twombly*, 550 U.S. at 556). Permitting a court to do so "would confuse the principles applicable to a motion to dismiss with those governing a motion for summary judgment." *Id.* at 348 (citations omitted).

The Third Circuit has cautioned that the plausibility standard set forth in *Twombly* and *Iqbal* "does not impose a heightened pleading requirement, and that Federal Rule of Civil Procedure 8(a) continues to require only a 'showing' that the pleader is entitled to relief." *Schuchardt*, 839 F.3d at 347 (citing *Phillips*, 515 F.3d at 233-34). Indeed, the *Twombly* Court expressly disavowed a heightened standard that would require the pleading of specific facts showing an entitlement to relief. *Twombly*, 550 U.S. at 569-70. "Implicit in the notion that a plaintiff need not plead 'specific facts' to survive a motion to dismiss is that courts cannot inject evidentiary

issues into the plausibility determination." *Schuchardt*, 839 F.3d at 347 (citing *Twombly*, 550 U.S. at 556). Permitting a court to do so "would confuse the principles applicable to a motion to dismiss with those governing a motion for summary judgment." *Id.* at 348 (citations omitted).

The Third Circuit has observed that the pleading standards set forth in *Twombly* and *Iqbal* require a three-step analysis. *Connelly*, 809 F.3d at 787. First, the court "must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.'" *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). Next, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, the court must assume the truth of the remaining well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Plaintiff's detailed Complaint more than satisfies these standards for well-pleaded, nonconclusory allegations of plausible claims for the relief asserted, and therefore satisfies the pleading standards established in *Twombly* and *Iqbal*.

## II.   THE COMPLAINT PROPERLY PLEADS A CLAIM FOR FIRST AMENDMENT RETALIATION IN VIOLATION OF 42 *U.S.C.* § 1983 (FIRST COUNT) AND THE NEW JERSEY CIVIL RIGHTS ACT *N.J.S.A.* 10:6-1 TO -2 (FOURTH COUNT)

To state a claim for First Amendment retaliation under 42 *U.S.C. § 1983*, a plaintiff must allege (1) that he engaged in constitutionally protected conduct; (2) he

suffered an adverse action at the hands of the defendants; and (3) his constitutionally protected conduct was a substantial or motivating factor in the adverse action by the defendants. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (citing *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001)).

"Insofar as workplace speech is concerned, the Supreme Court has long held that public employees only receive First Amendment protection from retaliation in the workplace when they speak out on a matter of public concern and their interest in speaking outweighs the government's interest in promoting workplace efficiency and avoiding disruption." *Palardy v. Twp. of Millburn*, 906 F.3d 76, 81 (3d Cir. 2018) (citing *Connick v. Myers*, 461 U.S. 138, 147 (1983); *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968)). "A public employee's speech involves a matter of public concern if it can 'be fairly considered as relating to any matter of political, social or other concern to the community,'" *Green v. Philadelphia Hous. Auth.*, 105 F.3d 882, 885-86 (3d Cir. 1997) (quoting *Connick v. Myers*, 461 U.S. 138 (1983)); see also *Curinga v. City of Clairton*, 357 F.3d 305 (3d Cir. 2004) (quoting *Green*); *Fenico v. City of Philadelphia*, 2024 U.S. Dist. LEXIS 195138, 2024 WL 4591798, at *32 (E.D. Pa. Oct. 28, 2024) (differentiating matters of public concern from "purely private intraoffice grievance[s].").

"An adverse action is one 'sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" *Watson* at 422, n.6 (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)) (internal quotation marks omitted).

The third element can be established by allegations "of (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Allaha,* 229 F.3d at 424 (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *Rauser*, 241 F.3d at 334.)) There is "no bright line rule" limiting the time that may pass between protected speech and illegal retaliation. *Conard v. Pennsylvania State Police*, 902 F.3d 178, 183 (3d Cir. 2018); see also *Rink v. Ne. Educ. Intermediate Unit 19*, 717 F. App'x 126, 134 (3d Cir. 2017) (noting that temporal proximity inference is usually in the order of days or weeks). If the plaintiff meets these requirements, then the burden shifts to the defendant to prove by a preponderance of the evidence that he or she would have taken the same adverse action even if the plaintiff had not engaged in the protected activity. *Rauser*, 241 F.3d at 333.

Plaintiff has pleaded constitutionally protected activity through his speech and association in supporting the defendants' political opponents in the very election that led to defendants' assuming political power in West New York. The complaint alleges the most severe adverse employment action. Plaintiff was fired for his

political activity. Loss of a job is undeniably the sort of consequence that could dissuade political speech. Finally, the acts alleged happened in close temporal proximity to Mr. Gomez engaging in protected activity.

Defendants argue the allegations lack temporal proximity because it establishes when Mr. Gomez began his political support of Commissioner Cirillo's slate when he "became actively involved in and supported Mr. Cirillo's campaign in late 2022" (Compl. ¶ 16) But they ignore the allegations that follow which details Mr. Gomez's ongoing and continuous political activity through the entire campaign up to election day (Compl. ¶ 17, 18). The complaint alleges the necessary temporal proximity because it establishes that defendants acted within hours of the moment they obtained the power to act (Compl. 27, 28). Defendants could not have fired Mr. Gomez until they controlled the levers of government. As soon as they got that power, the complaint alleges they used it.

Defendants' contention that the complaint fails to adequately plead that they had notice of Mr. Gomez's political activity must also be rejected. First, the complaint plainly and fairly alleges that they did (Compl. ¶ 19). Moreover, the activity alleged includes circulating petitions around town, knocking on neighbor's doors, displaying campaign signs at his home, and participating in campaign events (Compl. ¶ 17) in a contentious election in a geographically limited area. This is more than sufficient to support an inference that defendants knew about Mr. Gomez's

political activity. See *Galli v. N.J. Meadowlands Comm'n*, 490 F.3d 265, 275 (3d Cir. 2007).

Defendants are incorrect when they argue that the complaint lacks sufficient allegations against Mayor Sires or Commissioner Diaz. From the complaint it is clear that when Sires and Diaz did not have political power, Mr. Gomez was a productive member of the workforce. Sires and Diaz campaigned for their offices and were opposed by plaintiff. As soon as Sires and Diaz achieved power, plaintiff was nearly immediately cast aside. The reasonable inference that can be drawn from the complaint is that Sires and Diaz were active and knowing participants in plaintiff's firing.

Similarly, defendants' contention that Mr. Gomez held a policymaking role that justified his removal is not supported by the allegations in the complaint. Defendants' concede that "no definitive boundary can be drawn between policymaking and non-policymaking positions" (Defd. Brief at 8). They rely on *Brown v. Trench*, 787 F.2d 167 (3d Cir. 1986) to provide examples of factors to be analyzed when setting the boundary between a policymaking and non-policymaking position including: participation in council meetings, preparation of budgets, hiring and firing authority, salary, and power to control others or speak in the name of policy makers (*Id.* at 169). Since none of those factors are directly addressed in the complaint, for this motion, any inferences drawn from the complaint's descriptions

9

of Mr. Gomez's responsibilities (Compl. ¶ 11-12), must favor him and place him on the non-policymaker side of that boundary.

For the foregoing reasons, Count One of the complaint properly states a claim for violation of § 1983, and the motion to dismiss should be denied.

For the same reasons, the complaint properly states a claim under the New Jersey Civil Rights Act. That statute was patterned on § 1983, and has been construed in parallel with it. *Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 298 (D.N.J. 2012); *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011). See also *Gonzalez v. Auto Mall 46, Inc.*, 2012 N.J. Super. Unpub. LEXIS 1560, 2012 WL 2505733, at *4 (N.J. Super. Ct. App. Div. July 2, 2012) (citing *Rezem Family Assocs., LP v. Borough of Millstone*, 423 N.J. Super. 103 (N.J. Super. Ct. App. Div. 2011), certif. denied, 208 N.J. 366, 29 A.3d 739 (2011)).

For the same reasons that the First Count of the complaint is sufficient to overcome this motion, the Fouth Count under state civil rights act must also survive.

## III.  DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A federal right is clearly established for qualified immunity purposes if its contours are "sufficiently

10

clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Additionally, qualified immunity must be assessed in the context of each individual defendant's specific conduct, including "'an analysis of the facts adduced concerning the conduct of the official'"claiming immunity. *Griffin-El v. Beard*, 411 F. App'x 517, 519 (3d Cir. 2011) (quoting *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990)).

A Court may find that a municipal official is entitled to qualified immunity at the motion to dismiss stage if "(1) the facts alleged show the [official's] conduct did not violate a constitutional right, or (2) the right violated was not clearly established in light of the specific context of the case." *Taylor v. Rosa*, 856 F. App'x 376, 378 (3d Cir. 2021) (citing *Reedy v. Evanson*, 615 F.3d 197, 223-24 (3d Cir. 2010)). Thus, "qualified immunity should only be granted on a motion to dismiss when it is 'established on the face of the complaint.'" *Janowski v. City of North Wildwood*, 259 F. Supp. 3d 113, 126 (D.N.J. 2017) (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006)).

At the motion to dismiss stage, "the defendant has the burden of pleading and proving qualified immunity." *Mitros v. Cooke*, 170 F. Supp. 2d 504, 507 (E.D. Pa. 2001) (citing *Harlow*, 457 U.S. at 815); see also *Reedy*, 615 F.3d at 223 ("The burden of establishing entitlement to qualified immunity is on [the defendant].").

11

Defendants have not met that burden. Here, it was clearly established at the time of the alleged violation that individuals have a constitutional right under the First Amendment to engage in political speech and support candidates for office without fear of losing their jobs if their preferred candidate does not prevail. "Since at least 1967, 'it has been settled that a State cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression.'" *Dougherty v. Sch. Dist of Philadelphia*, 772 F.3d 979, 993 (3d Cir. 2014) (citations omitted). In *Bennis v. Gable*, 823 F.2d 723 (3d Cir. 1987) the Third Circuit stated that "as of 1982 the law was clearly established that a public employee could not be demoted in retaliation for exercising his rights under the first amendment." See also, *Zamboni v. Stamler*, 847 F.2d 73, 80 (3d Cir. 1988) ("Defendants' argument that Zamboni's First Amendment rights were not clearly established at the time the action occurred cannot be sustained in light of this court's line of precedent on public employees' protected speech.") (citations omitted). Thus, the First Amendment right at issue here was "clearly established" at all times relevant to this dispute.

For the reasons set forth in Point II, above, plaintiff has sufficiently alleged that defendants acted to deny him his constitutional rights. As a result, defendants are not entitled to a dismissal based on qualified immunity.

### IV.    THE COMPLAINT PROPERLY ASSERTS A CLAIM AGAINST THE TOWN OF WEST NEW YORK

Under *Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978) a municipality cannot be held liable solely because it employs an alleged tortfeasor, but "is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation." *Mann v. Palmerton Area Sch. Dist.*, 872 F.3d at 175 (3d Cir. 2017); see also *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014); *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009).

*Monell* liability can be established on a single decision where the decision maker is a municipal policymaker. *Mrazek v. Stafford Twp.*, No. CV 13-1091(FLW), 2017 U.S. Dist. LEXIS 68893, 2017 WL 1788655, at *9 (D.N.J. May 5, 2017), aff'd, 744 F. App'x 69 (3d Cir. 2018). The complaint alleges just that. "Plaintiff's termination was intended by Mayor Sires, Baez, and Schweitzer to retaliate against plaintiff for his exercise of his rights of speech and association under the First Amendment" (Compl. ¶ 48).

The *Monell* claim has been properly established, and the Town is not entitled to dismissal at this stage of the litigation.

## V. PLAINTIFF HAS PROPERLY ALLEGED A CIVIL CONSPIRACY

Civil conspiracy occurs when two or more persons conspire to engage in illegal activity. To state a conspiracy claim, a plaintiff must "establish (1) the

13

existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp.3d 631, 647 (E.D. Pa. 2014) (citing *Gale v. Storti*, 608 F.Supp.2d 629, 635 (E.D.Pa.2009)).

The Plaintiff must allege plausible facts concerning "(1) the period of the conspiracy; (2) the object of the conspiracy; and (3) certain actions of the alleged conspirators taken to achieve that purpose." *Hankin Fam. P'ship v. Upper Merion Twp.*, No. 01-CV-1622, 2012 U.S. Dist. LEXIS 1467, 2012 WL 43599, at *17 (E.D. Pa. Jan. 6, 2012); see also *Rosembert*, 14 F. Supp. 3d at 648 ("To withstand a motion to dismiss, a Complaint alleging a civil rights conspiracy should identify with particularity the conduct violating plaintiffs' rights, the time and place of these actions, and the people responsible therefore."). "The agreement can be either express or implied. It can be proved by presenting testimony from a witness who heard the alleged conspirators discussing the agreement or the Plaintiff may present evidence of circumstances from which the agreement can be inferred." *Burgess El v. Sanders*, No. 5:22-cv-04367-JMG, 2023 U.S. Dist. LEXIS 192126, at *7 (E.D. Pa. Oct. 26, 2023)

The complaint here does all those things. It alleges the conduct that defendants violated plaintiff's rights through his discharge within hours of defendants' taking power. Any dismissal of the civil conspiracy allegations based on the New Jersey

Tort Claims Act, *N.J.S.A.* 59:1-1 to :12-3 should be without prejudice to plaintiff's right to assert the claim following a motion for leave to file and serve a late notice of claim.

## **CONCLUSION**

For the foregoing reasons, it is respectfully submitted that defendants' motion to dismiss should be denied.

<div style="margin-left: 40%;">

 s/ Leonard E. Seaman
RICHARD MALAGIERE
LEONARD E. SEAMAN
THE LAW OFFICES OF RICHARD
MALAGIERE
A Professional Corporation
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
Tel. (201) 440-0675
rm@malagierelaw.com
les@malagierelaw.com

</div>

DATED: December 22, 2025