## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE E. GOMEZ, | Case No. 2:25-cv-02242 (JXN) (CLW) |
| Plaintiff, | |
| v. | |
| TOWN OF WEST NEW YORK, NEW JERSEY; et al. | |
| Defendants. | **Return Date: January 5, 2026** |

**DEFENDANTS TOWN OF WEST NEW YORK, ALBIO SIRES, JAVIER BAEZ, MARIELKA DIAZ AND KELLY SCHWEITZER'S REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

**TAYLOR LAW GROUP, LLC**
Lester E. Taylor, III, Esq., Atty. ID# 000022001
Christopher J. Buggy, Esq., Atty ID# 066242013
Micheaux A.D. Ferdinand, Esq., Atty ID# 481102025
430 Mountain Avenue, Suite 103
New Providence, New Jersey 07974
(908) 219-7771
ltaylor@taylorlawgroupllc.com
cbuggy@taylorlawgroupllc.com
mferdinand@taylorlawgroupllc.com
Attorneys for Defendants

# TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................................................ii

PRELIMINARY STATEMENT .............................................................1

LEGAL ARGUMENT ........................................................................ 2

POINT I

PLAINTIFF'S CONCLUSORY OPPOSITION DOES NOT CURE HIS
FAILURE TO PLAUSIBLY ALLEGE A COGNIZABLE CAUSE OF
ACTION AGAINST THE WNY DEFENDANTS ....................................................2

POINT II

THE COMPLAINT FAILS TO MEET THE MINIMAL STANDARD OF
RULE 8(A) AND THE CLAIMS AGAINST THE INDIVIDUAL
DEFENDANTS MUST BE DISMISSED.................................................................5

POINT III

PLAINTIFF'S OPPOSITION PROVIDES NO REASON WHY THE
CLAIMS AGAINST WNY SHOULD NOT BE DISMISSED ...............................9

POINT IV

PLAINTIFF CANNOT SALVAGE HIS LEGALLY DEFECTIVE CIVIL
CONSPIRACY CLAIM .........................................................................11

CONCLUSION ...................................................................................13

# TABLE OF AUTHORITIES

**Case:**                                                                                      **Page(s):**

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)...................................................................................... 4, 5

ATR Paper, Inc. v. Bangkit U.S.A., Inc.,
   2024 WL 3518119 (D.N.J. July 24, 2024) ....................................................3

Black v. Stephens,
   662 F.2d 181 (3d Cir. 1981) .........................................................................9

City of Oklahoma v. Tuttle,
   471 U.S. 808 (1985) ......................................................................................9

Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.,
   836 F.2d 173 (3d Cir. 1988) .........................................................................7

County Concrete Corp. v. Town of Roxbury,
   442 F.3d 159 (3d Cir. 2006) .......................................................................12

Estate of Kamal v. Twp. of Irvington,
   790 F. App'x 395 (3d Cir. 2019)..................................................................10

Falat v. Cnty. of Hunterdon,
   2013 WL 1163751 (D.N.J. Mar. 19, 2013) ...................................................3

Frederico v. Home Depot,
   507 F.3d 188 (3d Cir. 2007) .........................................................................6

General Motors, LLC v. Englewood Auto Grp., LLC,
   2014 WL 4441769 (D.N.J. Sept. 9, 2014)...................................................12

Ingris v. Borough of Caldwell,
   2015 WL 3613499 (D.N.J. June 9, 2015) .....................................................3

Janowski v. City of N. Wildwood,
   259 F. Supp. 3d 113 (D.N.J. 2017)................................................................8

Japhet v. Francis E. Parker Mem. Home, Inc.,
  2014 WL 3809173 (D.N.J. July 31, 2014) ......................................................3

K.J. v. J.P.D.,
  569 F. Supp. 3d 471 (D.N.J. 2023)...............................................................2

Lamont v. New Jersey,
  F.3d 177 (3d Cir. 2011) ...............................................................................7

Lankford v. City of Clifton Police Dep't,
  546 F. Supp. 3d 296 (D.N.J. 2021)...............................................................11

Losch v. Borough of Parkesburg, PA,
  736 F.2d 903 (3d Cir. 1984) .........................................................................10

Mark IV Transp. & Logistics, Inc. v. Lightning Logistics, LLC,
  2012 WL 4506470 (D.N.J. Sept. 28, 2012)....................................................6

Mrazek v. Stafford Township,
  2017 WL 1788655 (D.N.J. May 5, 2017) ......................................................11

Metsopulos v. Runyon,
  918 F. Supp. 851 (D.N.J. 1996)....................................................................2

Mills v. Ethicon, Inc.,
  406 F. Supp. 3d 363 (D.N.J. 2019)...............................................................3

Monell v. Dept. of Social Services,
  436 U.S. 658 (1978) ....................................................................................9

Ross v. Hayt, Hayt & Landau, LLC,
  2015 WL 8781307 (D.N.J. Dec. 14, 2015) ....................................................6

Shaw v. Housing Auth. Of Camden,
  2012 WL 3283402 (D.N.J. Aug. 10, 2012).....................................................4

Sheeran v. Blythe Shipholding S.A.,
  2015 WL 9048979 (D.N.J. Dec. 16, 2015) ....................................................3

<u>Silvero v. New Jersey</u>,
  2014 WL 2937933 (D.N.J. June 30, 2014) .....................................................4

<u>Sims v. City of Philadelphia</u>,
  552 F. App'x 175 (3d Cir. 2014)...............................................................10

<u>Thakar v. Tan</u>,
  372 F. App'x 325 (3dCir. 2010)..................................................................2

<u>Watson v. Rozum</u>,
  834 F.3d 417 (3d Cir. 2016) .........................................................................7

<u>White v. Hon Co.</u>,
  520 F. App'x 93 (3d Cir. 2013)....................................................................4

**Statutes, Rules and Other Authorities:**

Fed. R. Civ. P. 12(b)(6) .................................................................................1

D.N.J. L. Civ. R. 7.1(d)(5).............................................................................1

N.J.S.A. 59:8-1, <u>et</u> <u>seq.</u> ...............................................................................12

## PRELIMINARY STATEMENT

Nothing in Plaintiff Jorge E. Gomez's ("Plaintiff") untimely opposition to Defendants Town of West New York ("WNY"), Albio Sires ("Mayor Sires"), Luis Baez ("Mr. Baez"), Marielka Diaz ("Commissioner Diaz") and Kelly Schweitzer ("Ms. Schweitzer") (collectively, the "WNY Defendants") motion to dismiss for failure to state a claim can save his Complaint from dismissal.[1] Plaintiff fails to address the inadequacies of the barebones, non-specific conclusory statements in the Complaint that he attempts to pass off as factual allegations. It is clear Plaintiff's Complaint is a far cry from what is required by a plaintiff under Fed. R. Civ. P. 8(a). Plaintiff's bald assertions and legal conclusions are untethered to any factual support, failing to provide any sufficient reason the WNY Defendants' motion to dismiss should not be granted.

For the reasons set forth in the WNY Defendants' moving brief (ECF No. 19-1) and set forth below, the WNY Defendants' motion to dismiss should be granted, and Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] Opposition briefs "must be filed with the Clerk at least 14 days prior to the new motion day" after obtaining an automatic extension. D.N.J. L. Civ. R. 7.1(d)(5). Here, Plaintiff's opposition brief was filed on December 23, 2025, less than 14 days prior to the January 5, 2026 motion day.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S CONCLUSORY OPPOSITION DOES NOT CURE HIS FAILURE TO PLAUSIBLY ALLEGE A COGNIZABLE CAUSE OF ACTION AGAINST THE WNY DEFENDANTS

As stated in the WNY Defendants' moving brief, Plaintiff relies entirely on specious, conclusory allegations instead of facts in support of his claims. See ECF No. 1. Much more than this is required, and Plaintiff's opposition fails to cure these deficiencies.

"[R]ank speculation", such as that which permeates every corner of the Complaint, is plainly insufficient to satisfy Plaintiff's allegations. See Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010). Moreover, a claim of conspiratorial action requires a plaintiff to provide a discernible factual basis to survive a 12(b)(6) dismissal and vague, conclusory allegations "fall short of the minimum threshold necessary". K.J. v. J.P.D., 569 F. Supp. 3d 471, 482-83 (D.N.J. 2023). As recognized by the court almost thirty years ago, "a forgiving interpretation does not render immune from dismissal or summary judgment claims that lack procedural or factual viability." Metsopulos v. Runyon, 918 F. Supp. 851, 857 (D.N.J. 1996).

Here, despite Plaintiff's protestations, the Complaint contains nothing but implausible, generalized and conclusory conspiracy allegations directed toward the WNY Defendants. Despite Plaintiff's opposition, the Complaint contains NO

factual allegations supporting a cause of action against the WNY Defendants.  See

ECF No. 1.

Moreover, conclusory "group pleading" like that employed by Plaintiff in the

Complaint, is not permitted by the Federal Rules of Civil Procedure.  As was recently

reinforced in the District of New Jersey, "[c]ourts routinely dismiss complaints for

improper group pleading."  ATR Paper, Inc. v. Bangkit U.S.A., Inc., 2024 WL

3518119, at *4 (D.N.J. July 24, 2024) (Martinotti, J.) (citing JD Glob. Sales, Inc. v.

Jem Int'l Partners, LP, 2023 WL 4558885, at *7 (D.N.J. July 17, 2023)).  This is

because group pleading does not provide notice to each defendant of the claims

against them.  Id.  (dismissing counterclaim as vague, improper group pleading); see

also Sheeran v. Blythe Shipholding S.A., 2015 WL 9048979, at *3 (D.N.J. Dec. 16,

2015); Mills v. Ethicon, Inc., 406 F. Supp. 3d 363, 386-87 (D.N.J. 2019) (noting

group pleading failed to satisfy Rule 8 and dismissing complaint); Ingris v. Borough

of Caldwell, 2015 WL 3613499, at *5-9 (D.N.J. June 9, 2015) (rejecting shotgun-

style group pleading and restricting analysis to specific allegations); Japhet v.

Francis E. Parker Mem. Home, Inc., 2014 WL 3809173, at *2 (D.N.J. July 31, 2014)

(noting that group pleading "injects an inherently speculative nature into the

pleadings, forcing both the Defendants and the Court to guess who did what to whom

when."); Falat v. Cnty. of Hunterdon, 2013 WL 1163751, at *3 (D.N.J. Mar. 19,

2013) (recognizing that complaints may not be amended by briefs in opposition to

motions to dismiss and that "it is not the Court's job to laboriously search the Complaint for factual assertions that could, in theory, be used to support one legal claim or another."); Shaw v. Housing Auth. of Camden, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (dismissing complaint for improper group pleading, as "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants."). Plaintiff's Complaint improperly attempts to group plead, and should be dismissed on that basis alone.

Further, as the Supreme Court declared, the "doors of discovery" will not be unlocked for "a plaintiff armed with nothing more than conclusions". Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Conducting discovery fishing expeditions in hopes of discovering facts to support a claim is prohibited.[2] Thus, because the Complaint utterly fails to state any plausible, factual allegations regarding any cause of action against the WNY Defendants, the Complaint against them should be dismissed with prejudice.

---

[2] White v. Hon Co., 520 F. App'x 93, 94 (3d Cir. 2013) (plaintiff "may not attempt to use discovery as a fishing expedition to determine the existence of" a claim and "to seek out the facts necessary to establish a legally adequate complaint."); Silvero v. New Jersey, 2014 WL 2937933, at *4 (D.N.J. June 30, 2014) (Shipp, J.) (plaintiff's argument that once he conducts discovery "he will be able to provide the necessary factual support for his bald claims" is "simply a request for a fishing expedition based on vague and general statements. Such fishing expeditions without any factual predicates are not approved by the courts.").

**POINT II**

**THE COMPLAINT FAILS TO MEET THE MINIMAL STANDARD OF RULE 8(A) AND THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED**

As stated in the WNY Defendants' moving brief, and not addressed in any meaningful way in Plaintiff's opposition, the Complaint fails to state a claim against the Individual Defendants.  Fed. R. Civ. P. 8(a) requires factual allegations sufficient to demonstrate that a claim is plausible on its face. Iqbal, 556 U.S. at 677-78. Plaintiff's argument that "reasonable inference" can be drawn from the Complaint that Mayor Sires and Commissioner Diaz "were active and known participants in the plaintiff's firing" is a conclusion totally bereft from any specific factual support. See Plaintiff's Opposition Brief (ECF No. 24) at p. 8.  As noted in the Moving Brief, Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." Id. at 678 (citing Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007)). To that end, "naked assertion[s] devoid of 'further factual enhancement'" will not meet the standard of Rule 8. Id. (quoting Twombly, 550 U.S. at 555, 557). Here, Plaintiff provides no factual support for his shotgun, throw-spaghetti-at-the-wall Complaint – there is not a single allegation of any action taken specifically by Mayor Sires or Commissioner Diaz. Instead, only unadorned "all of the defendants conspired against me" type allegations which fail to satisfy the Iqbal pleading standard.

As Plaintiff cannot and did not rebut, the Complaint contains no factual allegations that Mayor Sires spoke with Plaintiff, referenced his political activity, or participated in any decision regarding Plaintiff's employment.  See ECF No. 1. The Complaint merely notes that Mayor Sires won an election and that Plaintiff's employment ended the same day as WNY's reorganization meeting, months after Plaintiff's alleged political activity. Id., at ¶¶ 15, 26-27. More strikingly, the Complaint contains no factual allegations whatsoever regarding Commissioner Diaz. Id. ¶¶ 11-29. Plaintiff fails to allege any act or statement by her, and even the conspiracy allegations exclude her name entirely.  Id., at ¶ 29. In his opposition, Plaintiff now tries to use impermissible "catch all" group pleading allegations to unreasonably infer that his political affiliation "was well known by all defendants". Plaintiff also seemingly attempts to amend his Complaint through statements in his brief.  ECF No. 24, at pp. 2, 7-8. This tactic, of course, is futile. Frederico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007) (after-the-fact allegations are not considered in determining the sufficiency of a complaint); Mark IV Transp. & Logistics, Inc. v. Lightning Logistics, LLC, 2012 WL 4506470, at *5 n.2 (D.N.J. Sept. 28, 2012) (Salas, J.) (an attempt to supplement or cure deficiencies in a complaint through additional allegations in an opposition brief is futile); Ross v. Hayt, Hayt & Landau, LLC, 2015 WL 8781307, at *3 n.2 (D.N.J. Dec. 14, 2015) (Hillman, J.) (an opposition brief cannot be used to supplement a complaint).

Additionally, Plaintiff focuses on his First Amendment conduct, wholly ignoring the remaining requirements of a First Amendment retaliation claim. Even if the court were to find Plaintiff's conduct was constitutionally protected, Plaintiff has plausibly alleged no facts supporting even a bare inference that his conduct was a substantial or motivating factor in his termination. See ECF No. 1.

The cases relied upon by Plaintiff do not support his argument. Plaintiff's reliance on Watson v. Rozum, 834 F.3d 417, 424 (3d Cir. 2016) is misplaced. That case involved a prisoner's Section 1983 claim against various corrections officials. The court dismissed plaintiff's claims against all individual defendants except for the primary tortfeasor, recognizing the legal insufficiency of such claims. Thus, Watson supports the dismissal of Plaintiff's claims against the Individual Defendants in this matter.

Additionally, Plaintiff cannot prevent the application of qualified immunity to dismiss his claims against the Individual Defendants. PPlaintiff again impermissibly tries to amend his Complaint suggesting that in a town of WNY's size and with WNY's political history the WNY Defendants had knowledge of Plaintiff's political activity. [3] See ECF No. 24, at pp. 2, 8. As stated in the WNY Defendants moving

---

[3] As stated above, Plaintiff cannot amend, supplement, or cure the glaring deficiencies in his Complaint through arguments or factual assertions in his opposition brief. Com. Of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (holding it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss).

brief, the Complaint's barebones and conclusory allegations only support an inference that the WNY Defendants supported the same political candidate, wholly unrelated to any of Plaintiff's alleged political activities. Moreover, when assessing qualified immunity, the Individual Defendants may rely upon the reasonable inferences to be drawn from the Complaint.

Curiously, Plaintiff argues in his opposition that "qualified immunity must be assessed in the context of each individual defendant's specific conduct", while at the same time, his Complaint fails to allege specific conduct on behalf of the Individual Defendants, especially Mayor Sires and Commissioner Diaz. ECF No. 24 at p. 11 (citing to Griffin-El v. Beard, 411 F. App'x 517 (3d Cir. 2011)). The only specific allegations regarding Mayor Sires concerns lawful activity – running for mayor and being appointed. See ECF No. 1, ¶¶ 15, 26-27. As to Commissioner Diaz, there are no other specific allegations of any type regarding herself in the Complaint. See generally ECF No. 1. Further, because qualified immunity that may be granted on a motion to dismiss where it is established on the face of the complaint, here, the Complaint's absence of any constitutional violation entitles the Individual Defendants to dismissal of Plaintiff's claim based on qualified immunity. Janowski v. City of N. Wildwood, 259 F. Supp. 3d 113, 126-27 (D.N.J. 2017).

Plaintiff also fails to buttress his allegations against Mr. Baez and Ms. Schweitzer, which simply address personnel actions and allege no facts relating to

Mr. Baez's or Ms. Schweitzer's knowledge of Plaintiff's political activity or affiliation. As stated in the WNY Defendants' moving brief, and not rebutted in any meaningful manner by Plaintiff, the Complaint fails to state sufficient allegations against the Individual Defendants under Section 1983 or the NJCRA, and the First and Fourth Counts of the Complaint should be dismissed with prejudice against them for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## POINT III

### PLAINTIFF'S OPPOSITION PROVIDES NO REASON WHY THE MONELL CLAIM AGAINST WNY SHOULD NOT BE DISMISSED

Plaintiff's opposition identifies no legal support sufficient to save his Monell claim against WNY from dismissal. As set forth in the WNY Defendants' moving brief, a policy, practice or custom of the municipality must exist to hold a municipality liable for the constitutional violation of its officers. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). Contrary to Plaintiff's argument, a single unlawful act of an employee does not imply a policy, practice or custom sufficient to impose liability under Monell. City of Oklahoma v. Tuttle, 471 U.S. 808, 823 (1985). As stated in Monell, a municipality cannot be held liable under the doctrine of respondeat superior for its employees' actions. Monell, 436 U.S. 858; see also Black v. Stephens, 662 F.2d 181, 191 (3d Cir. 1981).

As explained in the WNY Defendants' moving brief, a Section 1983 claim against a municipality must allege both the existence of a custom or policy of that

9

municipality which is of such long standing to have the force of law and that one of the municipality's employees violated the plaintiff's civil rights while acting pursuant to that custom or policy. Monell, 436 U.S. at 691-94. A plaintiff "must identify the challenged policy, attributed to the city itself, and show a causal link between execution of the policy and the injuries suffered." Losch v. Borough of Parkesburg, PA, 736 F.2d 903, 910 (3rd Cir. 1984) (citing Bennett v. City of Slidell, 728 F.2d 762, 767 (5th Cir. 1984)). Plaintiff can point to no allegations in support of this claim other than that his termination "was intended by Mayor Sires, [Mr.] Baez, and [Ms.] Schweitzer". ECF No. 1, at ¶ 48. This is nowhere close to stating a claim. Plaintiff's allegations do not allege or even infer a policy, practice, or custom as required by Monell. Plaintiff's focus on the allegation that Mr. Baez and Ms. Schweitzer "ignored the lawful direction of Commissioner Cirillo to transfer" his job title is not sufficient to allege an action against WNY according to Monell. "Under Monell, the failure of Individual City employees to follow an otherwise-constitutional municipal policy does not subject the municipality to liability under § 1983." Sims v. City of Philadelphia, 552 F. App'x 175, 177 (3d Cir. 2014). Additionally, Plaintiff argues (with no plausible factual allegations to support his contentions) that his termination was intended "to retaliate against [P]laintiff for his exercise of his rights of speech and association". See ECF No. 24, at p. 13. However, this blanket assertion fails to allege (let alone plausibly allege) a causal link between

the execution of a policy and Plaintiff's termination. <u>Estate of Kamal v. Twp. Of Irvington</u>, 790 F. App'x 395, 398 (3d Cir. 2019) (holding that the plaintiff's allegations merely restated the legal elements of a <u>Monell</u> claim, were "not 'entitled to the assumption of truth'" and were insufficient to state a plausible claim for relief) (citing <u>Iqbal</u>, 556 U.S. at 680). Instead, liability may only be imposed when a municipality's "policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself is the 'moving force' behind the constitutional tort of one of its employees." <u>Lankford v. City of Clifton Police Dep't</u>, 546 F. Supp. 3d 296, 328 (D.N.J. 2021).

The cases relied upon by Plaintiff do not support  his argument. In <u>Mrazek v. Stafford Township</u>, No. CV 13-1091(FLW), 2017 WL 1788655 at *9 (D.N.J. May 5, 2017), <u>aff'd</u>, 744 F. App'x 69 (3d Cir. 2018), the plaintiff argues that the chief of police had final authority in setting policy and that he unlawfully terminated plaintiff's employment, thus the township was liable for plaintiff's termination under <u>Monell</u>.  The Third Circuit rejected this argument, noting that the chief of police was not a final policymaker and there were no specific allegations or evidence that the mayor or township participated in plaintiff's termination.  <u>Id.</u> at *11. Thus, <u>Mrazek</u> also supports dismissal of Plaintiff's <u>Monell</u> claim against WNY.

In his Complaint, Plaintiff failed to alleged a policy, practice, or custom of WNY that caused Plaintiff's alleged deprivation of his First Amendment rights.

Thus, Plaintiff has failed to adequately allege a <u>Monell</u> claim against WNY, and the Second Count of the Complaint should be dismissed with prejudice.

### POINT IV

### PLAINTIFF CANNOT SALVAGE HIS LEGALLY DEFECTIVE CIVIL CONSPIRACY CLAIM

Plaintiff's opposition provides no legal basis to deny dismissal of his meritless common law civil conspiracy claim. First, Plaintiff provides no justification for his failure to adhere to New Jersey Tort Claims Act, N.J.S.A. 59:1-1, <u>et seq.</u> ("NJTCA"). To bring an action in tort against a 'public entity or public employee' in New Jersey, the claimant must file a notice of claim with the entity within ninety days of the accrual of the claim or else be 'forever barred' from asserting that cause of action." <u>County Concrete Corp. v. Town of Roxbury</u>, 442 F.3d 159, 174-75 (3d Cir. 2006) (citing <u>Moon v. Warren Haven Nursing Home</u>, 182 N.J. 507 (2005)). As set forth in the WNY Defendants' moving brief, Plaintiff's civil conspiracy claim is subject to the NJTCA. <u>County Concrete Corp.</u>, 442 F.3d at 175. Plaintiff failed to allege, and could not contend in his opposition, that he timely served a notice of tort claim as required by the NJTCA. Arguments not raised in opposition to a motion to dismiss are deemed abandoned or waived. <u>General Motors LLC v. Englewood Auto Grp., LLC</u>, 2014 WL 4441769, at *5 (D.N.J. Sept. 9, 2014) (Martini, J.). This failure is dispositive of his NJTCA claim, and Plaintiff's attempt to proceed without satisfying the NJTCA's notice requirements must be rejected. Plaintiff likewise failed to

respond to the WNY Defendants' argument that civil conspiracy is not an independent action under New Jersey law, and his reliance on inapposite cases applying Pennsylvania law does not rescue this claim.

Accordingly, as stated in the WNY Defendants' moving brief, the Third Count of the Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the WNY Defendants Moving Brief (ECF No. 19-1), Plaintiff Jorge E. Gomez's Complaint (ECF No. 1) against defendants Town of West New York, Albio Sires, Javier Baez, Marielka Diaz and Kelly Schweitzer should be dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

**TAYLOR LAW GROUP, LLC**
Attorneys for Defendants

Dated: December 29, 2025          By:  /s/ Christopher J. Buggy
                                        CHRISTOPHER J. BUGGY