UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE E. GOMEZ,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TOWN OF WEST NEW YORK, NEW JERSEY; et al.,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-02242 (JXN) (CF)<br><br>**JOINT DISCOVERY PLAN** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    (a)　Lester E. Taylor, III, Esq.
    　　　Christopher J. Buggy, Esq.
    　　　Micheaux A.D. Ferdinand, Esq.
    　　　Taylor Law Group, LLC
    　　　430 Mountain Ave, Suite 103
    　　　New Providence, New Jersey 07974
    　　　(908) 219-7771
    　　　(201) 843-5877
    　　　ltaylor@taylorlawgroupllc.com
    　　　cbuggy@taylorlawgroupllc.com
    　　　mferdinand@taylorlawgroupllc.com

    　　　Attorneys for Defendants Town of West New York ("WNY"), Albio Sires ("Mayor Sires"), Luis Baez ("Mr. Baez"), Marielka Diaz ("Commissioner Diaz") and Kelly Schweitzer ("Ms. Schweitzer") (collectively, the "WNY Defendants")

    (b)　Richard Malagiere, Esq.
    　　　Leonard E. Seaman, Esq.
    　　　The Law Offices of Richard Malagiere
    　　　250 Moonachie Road, Suite 300A
    　　　Moonachie, New Jersey 07074
    　　　(201) 440-0675
    　　　les@malagierelaw.com
    　　　Attorneys for Plaintiffs

2.   Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

**Plaintiffs' Description:**

On May 16, 2023, after an eight-year career in the Town of West New York, New Jersey, plaintiff, Jorge E. Gomez, was fired from his position as recreation director. Defendants fired Mr. Gomez less than four hours after Mayor Sires and his slate of candidates assumed political control of West New York. Mr. Gomez was replaced by one of Mayor Sires' political cronies who had no experience running a municipal recreation program and less seniority than Mr. Gomez In the months leading up to that election, Mr. Gomez was an active member of the campaign team for the candidates who opposed defendants led by then West New York Commissioner, Cosmo Cirillo.

Before they fired plaintiff, defendants retaliated against Mr. Gomez for his political speech by failing to follow the lawful directive of Commissioner Cirillo to transfer Mr. Gomez to a position protected by the state's civil service laws which would have made his subsequent discharge more difficult, in not impossible.

The complaint alleges defendants retaliated against Mr. Gomez's, under color of state law, for his constitutionally protected speech, expression and association under 42 U.C.S. § 1983 (First Count) and the New Jersey Civil Rights Act (Fourth Count), against the Town for its policy or procedure to violate Mr. Gomez's civil rights (Second Count), and for the individual defendants' common law conspiracy to violate Mr. Gomez's civil rights (Third Count).

**Defendants' Description:**

Plaintiff filed a complaint against the WNY Defendants alleging retaliation as a result of his political activities, in violation of 28 U.S.C. § 1983 and the New Jersey Civil Rights Act. The WNY Defendants deny committing any such violations and filed a motion to dismiss the complaint for failure to state a claim under Fed. R. Civ. 12(b)(6).

3.   Have settlement discussions taken place?  Yes _____ No ___X___

4.   The parties [have _____ have not X___] met pursuant to Fed. R. Civ. P. 26(f).

5.   The parties [have _____ have not X___] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefore. Pending resolution of motion to dismiss. Parties will prepare and serve.

6.   Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). N/A.

2

7. The parties [have_____ have not X___] filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

8. The parties [have_____ have not X___] conducted discovery other than the above disclosures. If so, describe._ N/A.

9. The parties propose the following:

   (a) Discovery is needed on the following subjects:

   - WNY Defendants' potential liability, if any.
   - Plaintiff's alleged damages, if any.

   (b) Should discovery be conducted in phases? If so, explain.  No.

   (c) Proposed schedule:

   (1) Fed. R. Civ. P. 26 Disclosures: February 4, 2026.

   (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): February 11, 2026

   (3) Service of initial written discovery: February 18, 2026

   (4) Maximum of Interrogatories by each party to each other party: 25

   (5) Maximum of depositions to be taken by each party: N/A

   (6) Motions to amend or to add parties to be filed by: May 21, 2026.

   (7) Factual discovery to be completed by: July 21, 2026.

   (8) Plaintiff's expert report due on: August 21, 2026.

   (9) Defendant's expert report due on: September 21, 2026.

   (10) Expert depositions to be completed by: October 21, 2026.

   (11) Dispositive motions to be served within 60 days of completion of discovery.

   (d) Set forth any special discovery mechanism or procedure requested. None.

   (e) A pretrial conference may take place on _____.

   (f) Trial date:_____. (_____Jury Trial; ___X__ Non-Jury Trial).

10. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions,

3

problems with out-of-state witnesses or documents, etc)? Yes ____ No __X__.

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? No.

12. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S. Maybe, due to confidential in nature of some documents and information.

13. Do you anticipate any discovery problem(s): Yes _____ No __X__

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.). WNY Defendants are not opposed to mediation with a retired District Judge or Magistrate Judge.

15. Is this case appropriate for bifurcation? Yes _____ No X.

16. An interim status/settlement conference (with clients in attendance) should be held in _____.

17. We [do ____ do not X  consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference. None.


By: /s/ Leonard E. Seaman             By: /s/ Christopher J. Buggy
     Leonard E. Seaman                     Christopher J. Buggy

Attorneys for Plaintiff                Attorneys for Defendants


Dated: January 20, 2026                Dated: January 20, 2026

4