**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JORGE E. GOMEZ, | |
| Plaintiff, | Civil Action No. 25-2242 (JXN)(CF) |
| v. | **OPINION** |
| TOWN OF WEST NEW YORK, NEW JERSEY, *et al.*, | |
| Defendants. | |

**NEALS**, District Judge

Plaintiff Jorge E. Gomez ("Plaintiff") served as the Town of West New York's ("Town") Recreation Director from 2015 to 2023. When Albio Sires ("Sires") ran for Town mayor in May 2023, Plaintiff campaigned for Sires's opponent. Sires won. Hours after Sires was sworn in as Mayor, Plaintiff was fired. Plaintiff sued the Town, Sires, and the Town's Municipal Administrator,[1] Director of Public Affairs,[2] and Director of Human Resources[3] (collectively, "Defendants") under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff claims he was fired for supporting Sires's opponent.

Before the Court is Defendants' motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure[4] 12(b)(6). (ECF No. 19.) Plaintiff opposed (ECF No. 24), and Defendants replied (ECF No. 25). The Court has carefully considered the parties' submissions

---

[1] Luis Baez ("Baez").

[2] Marielka Diaz ("Diaz").

[3] Kelly Schweitzer ("Schweitzer").

[4] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

## I.    BACKGROUND

### A.    Statement of Facts

The Town is a New Jersey municipality with a "commission" form of government, meaning voters elect a Board of Commissioners and the Commissioners choose a mayor. (Compl. ¶ 2, ECF No. 1.) Plaintiff worked as the Town's Recreation Director from 2015 to 2023. (*Id.* ¶ 11.) As Recreation Director, Plaintiff reported directly to then-Commissioner Cosmo Cirillo ("Cirillo"). (*Id.* ¶ 14.) Plaintiff asserts he did not engage in any policymaking. (*Id.* ¶ 12.)

Sires served as the Town's mayor from 1995 until 2007, when he was elected to Congress. (*Id.* ¶ 14.) Sires retired from Congress in 2021. (*Id.* ¶ 15.) The following year, Sires "made clear" he wanted to become mayor once again. (*Id.* ¶ 15.)

Later in 2022, however, Sires and Cirillo had a "falling out." (*Id.* ¶ 16.) The feud led Cirillo to run his own "slate" of Commissioner candidates against Sires's. (*Id.*) Plaintiff worked on and supported Cirillo's slate of candidates. (*Id.*) Plaintiff signed and circulated petitions, knocked on doors and handed out campaign literature, raised money for Cirillo's team, distributed lawn signs, joined Cirillo and his candidates for events, coordinated events, and assisted with the campaign's outreach and communication strategies. (*Id.* ¶ 17.) Though Plaintiff claims he campaigned for Cirillo outside working hours and not on Town property, Plaintiff alleges his "involvement with and support of Mr. Cirillo's campaign was well known by all [D]efendants." (*Id.* ¶¶ 18–19.) Plaintiff asserts that Baez, Diaz, and Schweitzer were supporters of Sires. (*Id.* ¶ 7.)

Cirillo was the "Appointing Authority" for the Town's Public Affairs Department. (*Id.* ¶ 20.) In February 2023, months before the election, Cirillo allegedly "ordered" Human Resources

2

Director Schweitzer to change Plaintiff's title from Recreation Director to Clerk 1, a civil service protected position. (*Id.* ¶ 20.) Shortly thereafter, Schweitzer sent Plaintiff a form "recognizing the voluntary change in title," which Plaintiff signed. (*Id.* ¶¶ 21–23.) However, Plaintiff asserts that Schweitzer and/or Municipal Administrator Baez, the "only individuals" in the Town who could process employee title changes, never changed Plaintiff's title from Recreation Director to Clerk 1. (*Id.* ¶¶ 24–25.)

The election took place on May 9, 2023. (*Id.* ¶ 26.) Sires and his slate of candidates won. (*Id.*) The following week, on May 16, 2023, the newly elected Board of Commissioners chose Sires as Mayor. (*Id.* ¶ 27.) Three hours later, Schweitzer handed Plaintiff a termination letter signed by Baez. (*Id.* ¶ 28.) Plaintiff claims Sires replaced him with a less qualified employee. (*Id.* ¶ 13.) Plaintiff asserts that Sires, Baez, Diaz, and Schweitzer failed to process Plaintiff's change in title and later fired Plaintiff because he supported Sires's opponents. (*Id.* ¶ 29.)

**B.    Procedural History**

Plaintiff sued Defendants in this Court on April 2, 2025. The Complaint includes claims against (1) Sires, Baez, Diaz, and Schweitzer for retaliation against Plaintiff for exercising constitutionally protected speech, in violation of 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-2 ("Count I"); and (2) the Town, for having an official policy of retaliation, in violation of *Monell v. Department of Social Services*, 436 U.S. 658 (1978) ("Count II").

On November 12, 2025, Defendants moved to dismiss the complaint for failure to state a claim. (*See* Mot. to Dismiss, ECF No. 19.) Defendants argue that: (1) the Complaint does not allege any conduct at all as to Sires or Diaz; (2) Plaintiff did not engage in any constitutionally protected conduct; (3) the Complaint does not plead any facts linking Plaintiff's constitutionally protected

3

conduct to his termination; (4) the doctrine of qualified immunity precludes liability against the individual defendants; and (5) the Complaint has conclusory allegations against the Town. (*See* Defs.' Moving Br., ECF No. 19-1.) Plaintiff opposed (Pl.'s Opp'n, ECF No. 24), and Defendants replied (Defs.' Reply, ECF No. 26).

## II.    <u>LEGAL STANDARD</u>

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), the complaint must have "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court conducts a three-step inquiry in evaluating a motion to dismiss under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the Court identifies "the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, the Court accepts all plaintiff's well-pleaded factual allegations as true and "construe[s] the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). But the Court disregards "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). Third, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

4

III.    **DISCUSSION**

A.    **Plaintiff Fails to State a § 1983 Claim**

Plaintiff alleges that Defendants violated his First Amendment rights because they terminated him for supporting Sires's political opponents, violating § 1983 and the NJCRA.

To establish liability under § 1983 or the NJCRA,[5] the plaintiff must show (1) someone deprived the plaintiff of a right, and (2) the person who deprived plaintiff of the right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). It is well-established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citation omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015)).

To state a claim for discrimination based on political affiliation, in violation of the First Amendment, Plaintiff must show "(1) he was employed at a public agency in a position that does not require political affiliation, (2) he was engaged in constitutionally protected conduct, and (3) the conduct was a substantial or motivating factor in the government's decision to terminate him." *Minor v. Del. River & Bay Auth.*, 70 F.4th 168, 175 (3d Cir. 2023) (citation omitted).

---

[5] The analysis of § 1983 and NJCRA claims is the same. *See Gormley v. Wood-El*, 218 N.J. 72, 112–13 (2014).

### i.    *Plaintiff Fails to Show His Job Did Not Require Political Affiliation*

"Adverse employment actions against government employees that are based on political affiliation are, as a general rule, prohibited." *Id.* (quoting *Armour v. County of Beaver*, 271 F.3d 417, 427 (3d Cir. 2001)). But there is an exception "for particular positions for which political affiliation is found to be an appropriate requirement." *Id.* (quoting *Armour*, 271 F.3d at 428). This inquiry examines whether the employee: "(1) has duties that are non-discretionary or non-technical, (2) participates in discussions or other meetings, (3) prepares budgets, (4) possesses the authority to hire and fire other employees, (5) has a high salary, (6) retains power over others, and (7) can speak in the name of policymakers." *Id.* at 176. The most important component of this analysis is "whether an employee has meaningful input into decisionmaking concerning the nature and scope of a major program." *Id* (quoting *Galli v. N.J. Meadowlands Comm'n*, 490 F.3d 265, 271 (3d Cir. 2007)) (cleaned up).

Plaintiff, however, does not adequately allege his job did not require political affiliation. At most, the Complaint asserts, in conclusory fashion, that Plaintiff's "job duties did not entail any policymaking responsibilities for the Town and did not require him to be afforded access to any confidential Town information." (Compl. ¶ 11.) But this is precisely the kind of threadbare recitation of the elements that the Court need not credit on a motion to dismiss. *Davis*, 824 F.3d at 341. The Complaint offers no allegation as to the scope of Plaintiff's duties, his participation in important discussions, whether he prepared budgets, whether he could hire or fire other employees, his salary, his responsibility for others, and whether he could speak for policymakers. *Minor*, 70 F.4th at 176. Nor can the Court reasonably infer, from the allegations in the Complaint, that Plaintiff had no "meaningful input into decisionmaking concerning the nature and scope of a major program." *Id.*

### ii.    Plaintiff Fails to Show His Conduct Was a Substantial or Motivating Factor in his Termination

To show that constitutionally protected conduct[6] was a "substantial or motivating factor" in a public employee's termination, Plaintiff must "produce sufficient evidence to show the defendant knew of plaintiff's political persuasion," *Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 664 (3d Cir. 2002), which requires proof of "both knowledge and causation," *Galli*, 490 F.3d at 275.

Here, however, the Complaint merely states that Plaintiff's political involvement "was well known by all defendants." (Compl. ¶ 19.) This will not do, as this is the kind of conclusory legal assertion the Court disregards on a motion to dismiss. *Davis*, 824 F.3d at 341. There is no allegation as to how each of the Defendants, individually, knew that Plaintiff worked on Cirillo's campaign. And, because a § 1983 defendant "must have personal involvement in the alleged wrongs," *Rode*, 845 F.2d at 1207, the Court cannot reasonably infer from the Complaint that Defendants *all* knew of Plaintiff's political involvement, or that it caused or even motivated the Defendants to participate in Plaintiff's termination.

### iii.    The Complaint Does Not Adequately Allege Personal Involvement

Liability under § 1983 "cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207. Rather, a civil rights plaintiff "must plead that *each* Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added).

The Complaint fails to do so. At most, it alleges the individual Defendants "conspired . . . with each other in the scheme to terminate plaintiff's employment in retaliation for his political

---

[6] The Court briefly notes that Plaintiff has adequately alleged he engaged in constitutionally protected conduct when he campaigned for Cirillo. "[A] plaintiff can meet the second prong of a *prima facie* political discrimination claim if she suffers because of active support for a losing candidate within the same political party." *Galli*, 490 F.3d at 272.

7

activities."[7] (Compl. ¶ 29.) But the Complaint makes no allegations as to Diaz, other than the conclusory assertion that she supported Sires. (Compl. ¶ 7.) Plaintiff alleges only that Sires ran for Mayor and won. (*Id.* ¶¶ 14–16, 26–27.) The extent of Baez and Schweitzer's involvement is that both allegedly supported Sires (*id.*), and each had the ability to change Plaintiff's job title (*id.* ¶ 24). The Complaint further claims that Baez signed, and Schweitzer delivered Plaintiff's termination letter. (*Id.* ¶ 28).

This is plainly not enough factual matter to push the Complaint past the speculative level. None of Plaintiff's allegations, separately or together, permit the Court to reasonably infer that "*each* Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added). At best, the Court is left "to guess as to who allegedly did what." *Kong v. Johnson & Johnson*, No. 23-3091, 2024 WL 1640996, at *5 (D.N.J. Apr. 15, 2024).[8]

In sum, because the Complaint does not adequately allege (1) that Plaintiff's job did not require political affiliation; (2) that Plaintiffs' political affiliation was a substantial or motivating

---

[7] To the extent that Plaintiff alleges a conspiracy amongst Defendants to retaliate against Plaintiff for his political affiliation, this allegation is time-barred under 42 U.S.C. § 1985 as the statute of limitations for a claim of conspiring to interfere with civil rights has a statute of limitations of one year. Plaintiff also asserts no factual allegations for this claim.

[8] Defendants also allege that they are entitled to qualified immunity and therefore cannot be held liable for a violation of Plaintiff's constitutionally protected rights, but this is inappropriate to address on a motion to dismiss. "[T]he fact-intensive nature of qualified immunity makes it often a bad fit for Rule 12(b)(6)." *Stringer v. County of Bucks*, 141 F.4th 76, 87 (3d Cir. 2025) (quoting *Siefert v. Hamilton County*, 951 F.3d 753, 761 (6th Cir. 2020)). And "because a qualified immunity defense so closely depends on the facts of the case, a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Id.*

> Because "the burden of pleading qualified immunity rests with the defendant, not the plaintiff," an "absence of detailed factual allegations supporting a plaintiff's claim for relief under § 1983 does not . . . establish defendants' immunity." Instead, as "qualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint," a defendant cannot carry his burden where, as here, a complaint makes out a violation of a constitutional right but is not specific enough to assess whether the right at issue was clearly established when the event occurred.

*Id.* at 88 (quoting *Thomas v. Independence Township*, 463 F.3d 285, 289–93 (3d Cir. 2006)).

8

factor in his termination; or (3) each Defendant's personal involvement in violating Plaintiff's constitutional rights, the Court **dismisses *without prejudice*** Count I.

### B.      The Complaint Does Not State a *Monell* Claim

Count II asserts the Town is liable for Plaintiff's termination under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). § 1983 applies to municipalities. *Monell*, 436 U.S. at 690. To state a § 1983 claim against a municipality, the plaintiff "must show both that his rights were violated and that the [municipality] is liable for that violation." *Hightower v. City of Philadelphia*, 130 F.4th 352, 355 (3d Cir. 2025). But a municipality "is not vicariously liable for the unconstitutional conduct of its employees." *Id.* Rather, a municipality may only be held liable under § 1983 if the plaintiff "identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Jewell v. Ridley Township*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell*, 436 U.S. at 694).

"Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)). "[A]n official with policymaking authority can create official policy, even by rendering a single decision." *McGreevy v. Stroup*, 413 F.3d 359, 367–68 (3d Cir. 2005). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). The plaintiff must also show "a direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation."

*Butler v. Lamont*, 732 F. App'x 125, 127 (3d Cir. 2018) (alteration in original) (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 214 (3d Cir. 2001)).

Plaintiff's *Monell* claim fails on two fronts. First, because Plaintiff has not adequately alleged unconstitutional political affiliation discrimination, he cannot state a *Monell* claim for the same violation. *Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim."). Second, Plaintiff has not identified (a) the official with policymaking authority who terminated him, or (b) any other official policy or custom pursuant to which he was fired. Correspondingly, the Court dismisses without prejudice Count II.

## IV.    CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (ECF No. 19) is **GRANTED** and the Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. Plaintiff shall have thirty (30) days to file an amended pleading addressing the deficiencies identified herein. An appropriate Order accompanies this Opinion.

DATED: 6/16/2026

_____
**JULIEN XAVIER NEALS**
**United States District Judge**

10