

Micheaux A.D. Ferdinand | Associate
(908) 219-7771
mferdinand@taylorlawgroupllc.com

July 29, 2026

**Via ECF**
Honorable Julien Xavier Neals, U.S.D.J.
United States District Court, District of New Jersey
MLK Jr. Federal Bldg. & US Courthouse
50 Walnut Street
Newark, New Jersey 07102

       **RE:   Gomez v. Town of West New York, et al.**
             **Case No. 2:25-cv-02242 (JXN) (CF)**

Dear Judge Neals:

       This firm represents Defendants Town of West New York, New Jersey ("WNY"), Albio Sires ("Mayor Sires"), Luis Baez ("Administrator Baez"), Marielka Diaz ("Commissioner Diaz") and Kelly Schweitzer ("Ms. Schweitzer") (collectively, the "WNY Defendants") in the above-referenced matter.  In accordance with Your Honor's judicial preferences, please accept this letter requesting a premotion conference or permission to file a motion to dismiss Plaintiff Jorge E. Gomez's ("Plaintiff") amended complaint ("Amended Complaint") (ECF No. 36).

       On or about April 2, 2025, Plaintiff filed a four-count complaint alleging retaliation for constitutionally protected speech or expression under 42 U.S.C. § 1983 against Mayor Sires, Commissioner Diaz, Administrator Baez and Ms. Schweitzer (First Count); a claim for liability against WNY under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (Second Count); common law civil conspiracy to violate civil rights against Mayor Sires, Commissioner Diaz, Administrator Baez and Ms. Schweitzer (Third Count); and retaliation for constitutionally protected speech or expression under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2 ("NJCRA") against Mayor Sires, Commissioner Diaz, Administrator Baez and Ms. Schweitzer.  See generally ECF No. 1. On June 16, 2026, the Court dismissed Plaintiff's complaint without prejudice for failure to state claim, allowing Plaintiff thirty (30) days to file an amended complaint addressing said deficiencies. See generally ECF Nos. 34, 35.  On July 16, 2025, Plaintiff filed  an amended four-count complaint alleging the same exact counts verbatim against the WNY Defendants as those dismissed in the original complaint.  See generally ECF No. 36.

       Claims under 42 U.S.C. § 1983 and the NJCRA are "interpreted analogously".  Cherry v. Borough of Tuckerton, 2016 WL 6080813, at *4 (D.N.J. Oct. 17, 2016) (citing Pettit v. New Jersey, 2011 WL 1325614, at *3 (D.N.J. Mar. 30, 2011).  Thus, the First and Fourth Counts should

Hon. Julien Xavier Neals, U.S.D.J.
July 29, 2026
Page 2

be analyzed together.

First, although the Amended Complaint contains more paragraphs, the additional allegations suffer from the same deficiencies as the allegations in the dismissed complaint. Moreover, despite having the opportunity to do so, Plaintiff fails to allege any allegations pertaining to Mayor Sires and Commissioner Diaz. The Court should dispose of these specious claims in short order. As to Mayor Sires, the Amended Complaint fails to allege any specific conduct that could give rise to liability. See generally ECF No. 36. The factual allegations amount to nothing more than Plaintiff knew Mayor Sires and campaigned for Mayor Sires's political opponent in alleged close proximity. Id. ¶¶ 20-21, 28-32, 40. The allegations in no way show that Mayor Sires could have participated in the decision to terminate Plaintiff.

Additionally, as to Commissioner Diaz, Plaintiff's allegations also fail to state a claim for liability. Specifically, Plaintiff alleges nothing other than Commissioner Diaz being a political supporter of Mayor Sires and being appointed as the Director of Public Affairs after a successful campaign, inferring liability solely from Commissioner Diaz's title. See ECF No. 36, ¶¶ 5, 7, 47, 67, 74-76. Plaintiff's Amended Complaint does not satisfy Fed. R. Civ. P. 8(a)'s pleading standard and for these reasons, Plaintiff's claims against Mayor Sires and Commissioner Diaz should be dismissed with prejudice.

Consideration of Plaintiff's 42 U.S.C. § 1983 and NJCRA claims against all of the WNY Defendants reveal additional deficiencies. To state a First Amendment retaliation claim, a plaintiff must allege that "(1) his [activity] is protected by the First Amendment and (2) the [activity] was a substantial or motivating factor in the alleged retaliatory action, which, if both are proved, shifts the burden to the employer to prove that (3) the same action would have been taken even if the [activity] had not occurred." Falco v. Zimmer, 767 F. App'x 288, 299 (3d Cir. 2019) (quoting Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 466 (3d Cir. 2015)) (alterations in original). To allege constitutionally protected conduct was a "substantial or motivating factor" requires proof of "both knowledge and causation". Galli v. N.J. Meadowlands Comm'n, 490 F.3d 265, 275 (3d Cir. 2007). First, it cannot be reasonably inferred that all WNY Defendants knew of Plaintiff's political involvement. The new allegations at best allege awareness of Plaintiff's political support. Again, despite being given the opportunity to cure his defective complaint, there are no factual allegations that suggest causation between any of the WNY Defendants conduct and Plaintiff's termination. See ECF No. 36, ¶¶ 31-32, 40 (stating that "members of both campaigns were present at a charitable event", "regularly crossed paths…while they were canvassing", "sh[aking] hands"). Therefore, Plaintiff's 42 U.S.C. § 1983 and NJCRA claims against all of WNY Defendants should be dismissed with prejudice.

**The Amended Complaint Fails To State A Claim For Monell Liability Against WNY**

The Second Count of Plaintiff's Amended Complaint fails to state a claim for liability against WNY under Monell, 436 U.S. at 694. A municipality is only liable under § 1983 where "the municipality itself causes the constitutional violation at issue." City of Canton v. Harris, 489 U.S. 378, 385 (1989). Further, a plaintiff must allege that the constitutional injury was caused by a municipal "policy" or "custom". See Monell, 436 U.S. at 694. A "policy" is made when a

Hon. Julien Xavier Neals, U.S.D.J.
July 29, 2026
Page 3

"decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict." Mulholland v. Gov't City of Berks, PA, 706 F.3d 227, 237 (3d Cir. 2013) (internal quotations and citations omitted). A "custom" is when although not authorized by law, such practices of [municipal] officials [are] so permanent and well-settled as to virtually constitute law." Id. (internal quotations and citations omitted). The allegations must demonstrate a direct causal link between the municipal policy or custom and the alleged constitutional deprivation, meaning "the municipality itself causes the constitutional violations at issue." City of Canton v. Harris, 489 U.S. 378, 385 (1989) (emphasis omitted). Plaintiff does not plausibly allege a policy or a custom, but instead, merely alleges in conclusory fashion that his termination constituted an official policy because Commissioner Diaz and/or Administrator Baez possessed policymaking authority and that this single employment decision should give rise to liability on WNY's behalf. This is wholly insufficient to satisfy his burden, and the Second Count should be dismissed with prejudice.

**Plaintiff's Common Law Civil Conspiracy Claim is Time-Barred**

Lastly, on June 16, 2026, Your Honor dismissed Plaintiff's common law conspiracy claim as time-barred. See ECF No. 34, p. 8, n. 7. Despite this dismissal, in the Amended Complaint, Plaintiff realleges, in verbatim fashion, the exact same conspiracy claim which the Court has already dismissed as time-barred. See ECF No. 36, ¶¶ 72-78; see also; see also ECF No. 1, ¶¶ 51-57. Plaintiff's new allegations cannot cure this fatal defect, and Plaintiff should not have realleged this claim. Accordingly, the Third Count should be dismissed with prejudice.

The WNY Defendants appreciate the opportunity to conference this matter with Your Honor or for permission to move forward with filing a motion to dismiss the Amended Complaint. Thank you for Your Honor's attention to and consideration of this matter.

Respectfully submitted,

**TAYLOR LAW GROUP, LLC**

/s/ Micheaux A.D. Ferdinand
Micheaux A.D. Ferdinand

MADF:
cc:    All counsel of record via ECF