THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

**Richard Malagiere**
*Member NJ & NY Bar*
*Registered Patent Attorney*

250 MOONACHIE ROAD
SUITE 300A
MOONACHIE, NJ 07074
201.440.0675
FAX: 201.440.1843

100 CHURCH STREET
SUITE 800
NEW YORK, NEW YORK 10007
212.879.5580
FAX: 212.879.5583

**Michael Kahn**
*Registered Patent Agent*
**Leonard E. Seaman**
*Certified Civil Trial Attorney*

Of Counsel
**Frank D. Rivellini**
**Francis J. DeVito**

**\*REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509-4180
Writer's e-mail: les@malagierelaw.com

August 6, 2026

**VIA CM/ECF**
The Julien X. Neals, USDJ
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
Courtroom 5D
50 Walnut Street
Newark, New Jersey 07102

>    **Re:    JORGE GOMEZ v. WEST NEW YORK, et al.**
>    **Civil Action No.: 2:25-cv-2242 JXN-CLW**

Dear Judge Neals:

We represent plaintiff, Jorge Gomez, in the above matter.

Please accept this letter as plaintiff's response to defendants' July 29, 2026 letter (ECF No. 38) requesting a premotion conference or permission to file a motion to dismiss plaintiff's first amended complaint.

On June 16, 2026, the Court entered an order (ECF No. 35) granting defendants' motion to dismiss complaint. That order dismissed the complaint without prejudice and provided plaintiff 30 days "to file an amended pleading that addresses the deficiencies identified in the accompanying Opinion." (*Ibid*.)

The deficiencies identified in the Court's opinion (ECF No. 34) were:

1. As to Count I alleging violations of 42 *U.S.C.* § 1983 by Mayor Sires, Baez, Diaz and Schweitzer, that;

   a. plaintiff failed to show his job did not require political affiliation;

   b. plaintiff failed to show his conduct was a substantial motivating factor in his termination; and,

   c. the complaint did not adequately allege personal involvement among the defendants.

2. As to Count II alleging liability of the Town of West New York under *Monell*, that*;*

   a. plaintiff did not adequately allege unconstitutional political affiliation discrimination (incorporating the Count I deficiencies noted above); and

   b. plaintiff had not identified either:

      i. the official with policymaking authority who terminated him; or,

      ii. any other official policy or custom pursuant to which he was fired.

The opinion did not address the complaint's common law conspiracy claim (Count III)[1] or its claim for discrimination under New Jersey state law (Count IV).

The first amended complaint (ECF No. 36) added more than adequate factual allegations to overcome the deficiencies cited by the Court. Those facts demonstrate that, under West New York's form of government, Mr. Gomez could not, and did not, hold a policymaking position and did not make policy in his job providing administrative support to the Town's recreation programs. The first amended

---

[1] Defendants' letter asserts that the Court dismissed Count III as time barred in footnote 7 that appears on page 8 of the opinion. That footnote addresses defendants' claims of qualified immunity for the alleged civil rights violations. In it the Court correctly determined that those immunity defenses were not appropriately addressed in a motion to dismiss. Nothing in that footnote—or anything anywhere else in the opinion—addresses the civil conspiracy claim at all. The opinion does not contain the phrases "Count III", "conspiracy," "time barred," "tort claims act," or "statute of limitations," so the basis for defendants assertion that the civil conspiracy claim was dismissed through that footnote is a mystery.

complaint expanded its exposition of his role, showing that he did not participate in important policy discussions, he could not hire or fire employees, his salary was about average for the town and below that earned by some clerical workers, and that he could not speak for the Town's policymakers on any issue.

The first amended complaint also showed a myriad of ways Mr. Gomez's active role in the Cirillo campaign, including instances where his activity was acknowledged by Mayor Sires and his high-ranking political advisors. Moreover, Mr. Gomez explicitly discussed his political activity with Schweitzer and his well-founded concern that his constitutionally protected conduct could, nevertheless, impact his job, which it ultimately did. Those allegations demonstrated both that Mr. Gomez's conduct was a substantial or motivating factor in this termination and that defendants were all personally involved in the acts of discrimination.

As to Commissioner Diaz, the first amended complaint demonstrates not only that she was a candidate on the slate that Mr. Gomez campaigned against, but it also clarifies that she was appointed to the position of commissioner responsible for the operation of the department where Mr. Gomez worked only hours before he was fired. In that role, Diaz was the sole individual in the Town with authority to fire Mr. Gomez. That demonstrates both her personal involvement in the discriminatory conduct and the basis for the *Monell* claim since Mr. Gomez was fired by an official with policymaking authority.

Finally, defendants begin the letter by noting that the New Jersey Civil Rights Act claim in Count IV should be interpreted analogously to the § 1983 claim, implying that those counts should also be dismissed under *Fed. R. Civ. P.* 12(b)(6). While the substantive allegations of § 1983 claims and state civil rights claims are interpreted analogously, that should not be the case when the question is whether those state court claims would survive a motion to dismiss brought in New Jersey state court under *N.J. Ct. Rule* 4:6-2(e) and New Jersey substantive law. See *Printing Mart v. Sharp Electronics*, 116 N.J. 739, 746 (1989).

Therefore, plaintiff respectfully submits that in the unlikely event that the Court finds a basis to dismiss plaintiff's federal claims, it should, at most, decline to continue to maintain supplemental jurisdiction over the common law and state law claims under 28 *U.S.C.* § 1367(c)(3) and allow plaintiff to bring those in an action in New Jersey state court within the time provided by § 1367(d).

Plaintiff is confident that the first amended complaint's allegations are robust enough to withstand defendants' renewed challenge and looks forward to

3

participating any conference the Court deems appropriate before allowing them to engage in that motion practice.

       Thank you.

                                   Respectfully submitted,

                                   s/ Leonard E. Seaman
                                 LEONARD E. SEAMAN

LES/me

cc:    Christpher J. Buggy, Esq. (via CM/ECF)
       Micheaux A.D. Ferdinand, Esq. (via CM.ECF)
       client (via email)