**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JORGE E. GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF WEST NEW YORK, NEW JERSEY; et al.<br><br>Defendants. | Case No. 2:25-cv-02242 (JXN) (CF)<br><br>**Return Date: October 19, 2026** |

**DEFENDANTS TOWN OF WEST NEW YORK, ALBIO SIRES, JAVIER BAEZ, MARIELKA DIAZ AND KELLY SCHWEITZER'S REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

**TAYLOR LAW GROUP, LLC**
Lester E. Taylor, III, Esq., Atty. ID# 000022001
Christopher J. Buggy, Esq., Atty ID# 066242013
Micheaux A.D. Ferdinand, Esq., Atty ID# 481102025
430 Mountain Avenue, Suite 103
New Providence, New Jersey 07974
(908) 219-7771
ltaylor@taylorlawgroupllc.com
cbuggy@taylorlawgroupllc.com
mferdinand@taylorlawgroupllc.com
Attorneys for Defendants

# TABLE OF CONTENTS

TABLE OF AUTHORITIES....................ii

PRELIMINARY STATEMENT....................1

LEGAL ARGUMENT....................2

POINT I

PLAINTIFF'S CONCLUSORY OPPOSITION DOES NOT CURE HIS FAILURE TO PLAUSIBLY ALLEGE A COGNIZABLE CAUSE OF ACTION AGAINST THE WNY DEFENDANTS....................2

POINT II

THE AMENDED COMPLAINT FAILS TO MEET THE MINIMAL STANDARD OF RULE 8(A) AND THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED....................4

POINT III

PLAINTIFF'S OPPOSITION PROVIDES NO REASON WHY THE MONELL CLAIM AGAINST WNY SHOULD NOT BE DISMISSED....................8

POINT IV

PLAINTIFF CANNOT SALVAGE HIS LEGALLY DEFECTIVE CIVIL CONSPIRACY CLAIM....................11

CONCLUSION....................14

## TABLE OF AUTHORITIES

**Case:** **Page(s):**

Ashcroft v. Iqbal,
556 U.S. 662 (2009)........................................................................ 3, 4

County Concrete Corp. v. Town of Roxbury,
442 F.3d 159 (3d Cir. 2006)............................................................11, 12

Daniels v. School Dist. of Philadelphia,
776 F. 3d 181 (3d Cir. 2015) ...........................................................12

Ditzler v. Hous. Auth. of City of Nanticoke,
171 F. Supp. 3d 363 (M.D. Pa. 2016) ................................................7

Estate of Kamal v. Twp. of Irvington,
790 F. App'x 395 (3d Cir. 2019)........................................................10

Hankin v. Family P'Ship v. Upper Merion Twp.,
2012 WL 43599 (E.D. Pa. Jan. 6, 2012) ........................................ 13, 14

Hedges v. Musco,
204 F.3d 109 (3d Cir. 2000) ..............................................................4

K.J. v. J.P.D.,
569 F. Supp. 3d 471 (D.N.J. 2023) ....................................................2

Lankford v. City of Clifton Police Dep't,
546 F. Supp. 3d 296 (D.N.J. 2021) ....................................................10

Losch v. Borough of Parkesburg, PA,
736 F.2d 903 (3d Cir. 1984)...............................................................9

McTernan v. City of York,
564 F.3d 636 (3d Cir. 2009) ..............................................................10

Metsopulos v. Runyon,
918 F. Supp. 851 (D.N.J. 1996) .........................................................2

Mills v. Ethicon, Inc.,
406 F. Supp. 3d 363 (D.N.J. 2019) ....................................................13

Monell v. Dept. of Social Services,
436 U.S. 658 (1978)....................................................................... 8, 9

Pembaur v. City of Cincinnati,
475 U.S. 469 (1986) .......................................................................8

Phillips v. Cnty. of Allegheny,
515 F. 3d 224 (3d Cir. 2008)...............................................................4

Rosembert v. Borough of E. Landsdowne,
14 F. Supp. 3d 631 (E.D. Pa. 2014) ....................................................13

Silvero v. New Jersey,
2014 WL 2937933 (D.N.J. June 30, 2014) ............................................3

Thakar v. Tan,
372 F. App'x 325 (3dCir. 2010)...........................................................2

Watson v. Rozum,
834 F.3d 417 (3d Cir. 2016)................................................................6

White v. Hon Co.,
520 F. App'x 93 (3d Cir. 2013)............................................................3

**Statutes, Rules and Other Authorities:**

Fed. R. Civ. P. 12(b)(6)....................................................................... 1, 8 , 14

N.J.S.A. 59:8-1, et seq. ......................................................................12

## PRELIMINARY STATEMENT

Nothing in Plaintiff Jorge E. Gomez's ("Plaintiff") opposition to Defendants Town of West New York ("WNY"), Albio Sires ("Mayor Sires"), Luis Baez ("Mr. Baez"), Marielka Diaz ("Commissioner Diaz") and Kelly Schweitzer ("Ms. Schweitzer") (collectively, the "WNY Defendants") motion to dismiss for failure to state a claim can save his amended complaint from dismissal. Plaintiff fails to address the inadequacies of the non-specific conclusory statements in the amended complaint that he attempts to pass off as factual allegations. It is once again clear Plaintiff's pleading is a far cry from what is required by a plaintiff under Fed. R. Civ. P. 8(a). Plaintiff's bald, wholly unrelated assertions and legal conclusions are untethered to any factual support, and fail to provide any sufficient justification the WNY Defendants' motion to dismiss should not be granted.

For the reasons set forth in the WNY Defendants' moving brief (ECF No. 44) and set forth below, the WNY Defendants' motion to dismiss should be granted, and Plaintiff's amended complaint (ECF No. 36) should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

# LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S CONCLUSORY OPPOSITION DOES NOT CURE HIS FAILURE TO PLAUSIBLY ALLEGE A COGNIZABLE CAUSE OF ACTION AGAINST THE WNY DEFENDANTS

As stated in the WNY Defendants' moving brief, Plaintiff relies entirely on disconnected and conclusory allegations, instead of facts, in support of his claims. See ECF No. 47. Much more than this is required, and Plaintiff's opposition fails to cure these deficiencies.

"[R]ank speculation", such as that which permeates every corner of the amended complaint, is plainly insufficient to satisfy Plaintiff's allegations. See Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010). Moreover, a claim of conspiratorial action requires a plaintiff to provide a discernible factual basis to survive a 12(b)(6) dismissal and vague, conclusory allegations "fall short of the minimum threshold necessary". K.J. v. J.P.D., 569 F. Supp. 3d 471, 482-83 (D.N.J. 2023). As recognized by the court almost thirty years ago, "a forgiving interpretation does not render immune from dismissal or summary judgment claims that lack procedural or factual viability." Metsopulos v. Runyon, 918 F. Supp. 851, 857 (D.N.J. 1996). Here, despite Plaintiff's protestations, the amended complaint contains nothing but implausible, generalized and conclusory conspiracy allegations directed toward the WNY Defendants. Despite Plaintiff's opposition, the amended

complaint contains NO factual allegations supporting a cause of action against the WNY Defendants. See ECF No. 47.

Moreover, as stated in the WNY Defendants moving brief, conclusory "group pleading" like that employed by Plaintiff in the amended complaint, is not permitted by the Federal Rules of Civil Procedure. See ECF No. 44 at p. 7. Plaintiff's amended complaint not only improperly attempts to group plead, but attempts to infer liability on the WNY Defendants with allegations that bear no relation to them individually, and should be dismissed on that basis alone.

Further, as the Supreme Court declared, the "doors of discovery" will not be unlocked for "a plaintiff armed with nothing more than conclusions". Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Conducting discovery fishing expeditions in hopes of discovering facts to support a claim is prohibited.[1] Thus, because the amended complaint utterly fails to state any plausible, factual allegations regarding any cause of action against the WNY Defendants, it should be dismissed with prejudice.

---

[1] White v. Hon Co., 520 F. App'x 93, 94 (3d Cir. 2013) (plaintiff "may not attempt to use discovery as a fishing expedition to determine the existence of" a claim and "to seek out the facts necessary to establish a legally adequate complaint."); Silvero v. New Jersey, 2014 WL 2937933, at *4 (D.N.J. June 30, 2014) (Shipp, J.) (plaintiff's argument that once he conducts discovery "he will be able to provide the necessary factual support for his bald claims" is "simply a request for a fishing expedition based on vague and general statements. Such fishing expeditions without any factual predicates are not approved by the courts.").

Plaintiff argues that the WNY Defendants' application of the Iqbal standard is somehow an attempt to apply Rule 9(b)'s higher particularity standard – this is patently false from even a cursory review of the relevant caselaw. Moreover, Plaintiff's reliance on pre-Iqbal cases, to the extent they conflict with Iqbal, is misguided. See Phillips v. Cnty. of Allegheny, 515 F.3d 224 (3d Cir. 2008).[2]

**POINT II**

**THE AMENDED COMPLAINT FAILS TO MEET THE MINIMAL STANDARD OF RULE 8(A) AND THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED**

As stated in the WNY Defendants' moving brief, and not addressed in any meaningful way in Plaintiff's opposition, the amended complaint fails to state a claim against the Individual Defendants. Fed. R. Civ. P. 8(a) requires factual allegations sufficient to demonstrate that a claim is plausible on its face. Iqbal, 556 U.S. at 677-78. Plaintiff's argument that "the [amended] complaint plainly and fairly alleges" that the WNY Defendants had notice of Plaintiff's political activity is a conclusion totally bereft from any specific factual support. See Plaintiff's Opposition Brief (ECF No. 47) at p. 11. Plaintiff relies on the paragraph in his amended complaint that states in conclusory fashion, his "involvement with and support of Mr. Cirillo's campaign was well known by all defendants". ECF No. 36

[2] Despite the language of 28 U.S.C. 1367(a), this Court, in the interest of judicial economy, convenience and fairness, can dismiss all of Plaintiff's state law claims, as well as federal claims. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

¶ 31. Plaintiff then continues to provide a narrative regarding a social event where he was "acknowledged by Mayor Sires['] campaign members, supporters, and political allies, including [Mayor] Sires' confidant and advisor, Weehawken Mayor Richard Turner". Id. Even in opposition, Plaintiff states "including at least one where he was seen by high level supporters of Mayor Sires" and "regularly cross[ing] paths with workers on [Mayor] Sires campaign." See ECF No. 47 at p. 4. These unnamed supporters and other individuals at this event are not the Individual Defendants. Additionally, Plaintiff alleges that members of Mayor Sires' campaign claimed to possess surveillance video allegedly showing Plaintiff removing a campaign sign. See ECF No. 36, at ¶ 33. The amended complaint and Plaintiff's opposition characterizes this as demonstrating Mayor Sires' campaign's understanding of Plaintiff's support for Cirillo, but does not expressly allege that any particular Individual Defendant had personal knowledge or involvement. Id.; see also ECF No. 47 at p. 4. Further, even if Mayor Sires or Commissioner Diaz saw Plaintiff at these events, there is no showing of knowledge that they know who Plaintiff was, let alone his role as Recreation Director. Therefore, after being sworn in, Mayor Sires and Commissioner Diaz preformed routine personnel actions completely unaware of any directive from Mr. Cirillo or knowledge of Plaintiff. It is clear that Plaintiff has failed to cure the defects in his initial complaint by

adequately alleging personal involvement by and among the Individual Defendants, particularly Mayor Sires and Commissioner Diaz.

Plaintiff's emphasis on temporal proximity to also misguided. While temporal proximity may infer a causal link "the temporal proximity of adverse action to protected conduct does not establish that the adverse actor had knowledge of the protected conduct before acting." Daniels v. School Dist. of Philadelphia, 776 F. 3d 181, 197 (3d Cir. 2015) (citations omitted).

Plaintiff once again impermissibly attempts to utilize "catch all" group pleading allegations to unreasonably infer that his political affiliation "was visible and active to everyone including defendants and other [Mayor] Sires campaign staff". Id. at ¶ 41. Therefore, Plaintiff has plausibly alleged no facts supporting even a bare inference that his conduct was a substantial or motivating factor in his termination. See ECF No. 36.

As stated in the moving brief, Plaintiff's reliance on Watson v. Rozum, 834 F.3d 417, 424 (3d Cir. 2016) is misplaced and his claims against the individual WNY Defendants cannot survive absent a sufficient basis to establish their individual liability.

Throughout the entire amended complaint, Plaintiff includes only one sufficiently plead factual allegation referencing a single, in-person meeting with Ms. Schweitzer where he disclosed his political support for Mr. Cirillo. See ECF No.

36, at ¶ 35. However, Ms. Schweitzer's alleged "acknowledgment" of Plaintiff's concerns about potential "retaliatory action" cannot establish that all Individual Defendants were motivated by or had knowledge of Plaintiff's political activity and took any adverse action because of same. Id.; see also Ditzler v. Hous. Auth. of City of Nanticoke, 171 F. Supp. 3d 363, 370-71 (M.D. Pa. 2016) (emphasizing that proximity to someone with knowledge is not a substitute for the decisionmaker's own knowledge).

As to Mr. Baez and Commissioner Diaz, Plaintiff again fails to allege any facts relating to Mr. Baez's or Commissioner Diaz's knowledge of Plaintiff's political activity or affiliation. See generally ECF No. 36. While Plaintiff alleges general visibility of his political activities in a small municipality, the amended complaint's allegations of specific knowledge as to each Individual Defendant are uneven, resting on inference rather than direct factual allegation. Id. at ¶ 32 (stating Plaintiff "regularly crossed paths Sires Campaign workers"). As to Commissioner Diaz and Mr. Baez, the amended complaint relies principally on the strained, unreasonable inference that because the municipality is geographically small and the election was contentious, the Individual Defendants must have known. This is insufficient. This inferential leap from general community visibility to specific decision-maker knowledge is precisely the type of speculative allegation that Iqbal does not credit on a Rule 12(b)(6) motion. As stated in the WNY Defendants'

moving brief, and not rebutted in any meaningful manner by Plaintiff, the amended complaint fails to state sufficient allegations against the Individual Defendants under Section 1983 or the NJCRA, and the First and Fourth Counts of the Complaint should be dismissed with prejudice against them for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**POINT III**

**PLAINTIFF'S OPPOSITION PROVIDES NO REASON WHY THE MONELL CLAIM AGAINST WNY SHOULD NOT BE DISMISSED**

Plaintiff's opposition identifies no legal support or factual allegations sufficient to save his Monell claim against WNY from dismissal. As set forth above and in the WNY Defendants' moving brief, the amended complaint fails to plausibly allege any constitutional violation on behalf of the Individual Defendants, therefore there can be no derivative municipal liability under Monell v. New York City Dept. of Social Services, 436 U.S. 658, 658 (1978).

A policy, practice or custom of the municipality must exist to hold a municipality liable for the constitutional violation of its officers. Id. Contrary to Plaintiff's argument, a single unlawful act of an employee does not, without more, imply a policy, practice or custom sufficient to impose liability under Monell. See Pembaur v. City of Cincinnati, 475 U.S. 469, 481-82 (1986) ("The fact that a particular official—even a policymaking official—has discretion in the exercise of

particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion").

As explained in the WNY Defendants' moving brief, a Section 1983 claim against a municipality must allege both the existence of a custom or policy of that municipality which is of such long standing to have the force of law and that one of the municipality's employees violated the plaintiff's civil rights while acting pursuant to that custom or policy. Monell, 436 U.S. at 691-94. A plaintiff "must identify the challenged policy, attributed to the city itself, and show a causal link between execution of the policy and the injuries suffered." Losch v. Borough of Parkesburg, PA, 736 F.2d 903, 910 (3rd Cir. 1984) (citing Bennett v. City of Slidell, 728 F.2d 762, 767 (5th Cir. 1984)). Plaintiff can point to no allegations in support of this claim other than that his termination "was intended by Mayor Sires, [Mr.] Baez, and [Ms.] Schweitzer". See ECF No. 36, at ¶ 69. This is nowhere close to stating a claim. Plaintiff's allegations do not allege or even infer a policy, practice, or custom as required by Monell. Additionally, Plaintiff's identification of "three officials with policymaking authority responsible for terminating him" folds an administrative function into the narrative of retaliation since Plaintiff fails to plead a distinct policy or custom attributable to any of Mayor Sires, Commissioner Diaz or Mr. Baez, and therefore, he has not satisfied his burden. See ECF No. 47 at p. 13.

Additionally, Plaintiff argues (with no plausible factual allegations to support his contentions) that his termination was intended "to retaliate against [P]laintiff for his exercise of his rights of speech and association". See ECF No. 36, at ¶ 69. However, this blanket assertion fails to allege (let alone plausibly allege) a causal link between the execution of a policy and Plaintiff's termination. Estate of Kamal v. Twp. Of Irvington, 790 F. App'x 395, 398 (3d Cir. 2019) (holding that the plaintiff's allegations merely restated the legal elements of a Monell claim, were "not 'entitled to the assumption of truth'" and were insufficient to state a plausible claim for relief) (citing Iqbal, 556 U.S. at 680). Instead, liability may only be imposed when a municipality's "policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself is the 'moving force' behind the constitutional tort of one of its employees." Lankford v. City of Clifton Police Dep't, 546 F. Supp. 3d 296, 328 (D.N.J. 2021).

The decisions relied upon by Plaintiff do not lend credence to his argument. In McTernan v. City of York, 564 F.3d 636 (3d Cir. 2009), in affirming dismissal of Plaintiff's Monell claim, recognized that the complaint there – like the one here – "failed to satisfy the 'rigorous standards of culpability and causation' required for municipal liability." Id. at 658 (quoting Bd. of Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 405 (1997)). The McTernan court noted that McTernan's complaint

"simply paraphrases § 1983". Id. This was insufficient in McTernan, and is insufficient here.

Additionally, Plaintiff's allegation that "the commissioner serves as the department head and policymaker for the assigned department" to provide support for actions taken by Commissioner Diaz after being sworn in is nothing more than a legal conclusion dressed up as a factual allegation. See ECF No. 36, at ¶ 12.

In his amended complaint, Plaintiff fails to allege a policy, practice, or custom of WNY that caused Plaintiff's alleged deprivation of his First Amendment rights. Thus, Plaintiff has failed to adequately allege a Monell claim against WNY, and the second count of the amended complaint should be dismissed with prejudice.

## POINT IV

## PLAINTIFF CANNOT SALVAGE HIS LEGALLY DEFECTIVE CIVIL CONSPIRACY CLAIM

Plaintiff's opposition provides no legal basis to deny dismissal of his meritless common law civil conspiracy claim. First, Plaintiff alleges only a common law conspiracy claim in the amended complaint (ECF No. 36), he provides no justification for his failure to adhere to New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq. ("NJTCA"). To bring an action in tort against a 'public entity or public employee' in New Jersey, the claimant must file a notice of claim with the entity within ninety days of the accrual of the claim or else be 'forever barred' from asserting that cause of action." County Concrete Corp. v. Town of Roxbury, 442

F.3d 159, 174-75 (3d Cir. 2006) (citing Moon v. Warren Haven Nursing Home, 182 N.J. 507 (2005)). As set forth in the WNY Defendants' moving brief, Plaintiff's civil conspiracy claim is subject to the NJTCA. County Concrete Corp., 442 F.3d at 175. Plaintiff's request that any dismissal based on the NJTCA be without prejudice is a tacit concession that he failed to file the required notice of claim within the ninety-day period prescribed by N.J.S.A. 59:8-8. A late notice of claim under the NJTCA requires a showing of extraordinary circumstances, and Plaintiff has failed to provide any substantive explanation for his lack of filing a notice of claim. The amended complaint suggests Plaintiff was aware of his alleged claims since his termination and filing suit, especially since he alleges informing Ms. Schweitzer of his concerns in February 2023. See ECF No. 36, at ¶ 35. Therefore, there is no basis for concluding that extraordinary circumstances prevented timely compliance with the notice requirement. Moreover, this defect cannot be cured, and dismissal must be with prejudice.

Plaintiff likewise failed to respond to the WNY Defendants' argument that civil conspiracy is not an independent action under New Jersey law, and his reliance on inapposite cases applying Pennsylvania or federal law does not rescue this claim. Plaintiff's reliance on Rosembert is misplaced. In that case the court founds that the plaintiff did not plead his conspiracy claims with sufficient specificity stating that "[s]pecific allegations of an agreement to carry out the alleged chain of events is

essential in stating a claim for consistency. 'It is not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism.'" Rosembert v. Borough of E. Landsdowne, 14 F. Supp. 3d 631, 648 (E.D. Pa. 2014) (citing Spencer v. Steinman, 398 F. Supp. 1011, 1020 (E.D. Pa. 1997). Therefore, Rosembert supports the WNY Defendants' argument and dismissal.

To the extent Plaintiff is attempting to amend is complaint through his opposition brief to assert a claim under 28 U.S.C. § 1985, such a claim is explicitly not asserted in his amended complaint. See ECF No. 36; Mills v. Ethicon, Inc., 406 F. Supp. 3d 363, 387 (D.N.J. 2019) (citing Frederico v. Home Depot, 507 F.3d 188, 202 (3d Cir. 2007)). To the extent that such a claim was considered, it would fail due to Plaintiff's failure to allege sufficient facts regarding "specific allegations of an agreement to carry out the alleged chain of events", which is essential in stating a claim for conspiracy under Section 1985. Rosembert, 14 F. Supp. 3d at 648. A plaintiff must "allege plausible facts, not conclusory assertions. This should include '(1) the period of the conspiracy; (2) the object of the conspiracy; and (3) certain actions of the alleged conspirators taken to achieve that purpose." Hankin v. Family P'Ship v. Upper Merion Twp., 2012 WL 43599, at *17-18 (E.D. Pa. Jan. 6, 2012) (citations omitted) (rejecting civil conspiracy claim). A civil conspiracy plaintiff must make "'specific allegations of combination, agreement, or understanding

among all or between any of thee defendants to plot, plan, or conspire to carry out the alleged chain of events.'" Id. (citations omitted). Plaintiff's amended complaint clearly fails to do this, thus, Hankin requires dismissal of his civil conspiracy claim.

Accordingly, as stated in the WNY Defendants' moving brief, the third count of the amended complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the WNY Defendants' moving brief (ECF No. 44), Plaintiff Jorge E. Gomez's amended complaint (ECF No. 36) against defendants Town of West New York, Albio Sires, Luis Baez, Marielka Diaz and Kelly Schweitzer should be dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

**TAYLOR LAW GROUP, LLC**
Attorneys for the WNY Defendants

Dated: October 13, 2026

By: /s/ Micheaux A.D. Ferdinand
MICHEAUX A.D. FERDINAND